UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                      Plaintiffs,

   -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, and PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE DEPARTMENT
a/k/a PORT AUTHORITY POLICE DEPARTMENT
a/k/a PAPD, PAPD OFFICER MICHAEL BUGIADA,
PAPD OFFICER ROBERT JOSEPH, PAPD OFFICER
JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN
DURAN,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No. 1:21-cv-06226 (NRB)

**[PROPOSED]**
**STIPULATION AND ORDER OF CONFIDENTIALITY**

      The parties to the above-captioned litigation hereby stipulate and agree to the following Stipulation and Order of Confidentiality ("Confidentiality Order"):

      1.     Any party to this litigation shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing that: (a) contains private or confidential personal information, (b) contains information received in confidence from third-parties, (c) is subject to any type of confidentiality or non-disclosure contractual provision, (d) the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure, or (d) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information.  Any party to this litigation covered by the Confidentiality Order who produces or discloses any confidential material, including without limitation any information,

document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same as "Confidential" or "Confidential Subject to Confidentiality Order."

2. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same as "Attorneys' Eyes Only" or "Attorneys' Eyes Only Subject to Confidentiality Order."

3. As used in this Confidentiality Order, the terms "Confidential," "Confidential Subject to Confidentiality Order, "Attorneys' Eyes Only," and/or "Attorneys' Eyes Only Subject to Confidentiality Order" include any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which at or before the time of disclosure has been designated as information subject to the Confidentiality Order by the party disclosing it in one or more of the following ways:

    a. Information set forth in an answer to an interrogatory may be so designated by including the words "Confidential," "Confidential Subject to Confidentiality Order, "Attorneys' Eyes Only," and/or "Attorneys' Eyes Only Subject to Confidentiality Order" in the answer.

    b. Information contained in any document or part thereof may be so designated by marking the words "Confidential," "Confidential Subject to Confidentiality

       Order, "Attorneys' Eyes Only," and/or "Attorneys' Eyes Only Subject to Confidentiality Order" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

   c.  Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given.

   d.  With respect to any depositions that involve disclosure of confidential material or a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all parties that portions of the transcript are to be designated Confidential, which period may be extended by written agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(c) below and the deponent within these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(c) below during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 1 and 2 above.

4.    Information subject to the Confidentiality Order disclosed to the opposing party or its counsel during the course of discovery proceedings in this action:

a. Shall be used by the opposing party and counsel only for purposes of this litigation;

b. Shall not be published to the public in any form by the opposing party or counsel, or used by the opposing party for any business or commercial purposes;

c. Shall be disclosed by the opposing party or its counsel only to the following persons:

   i. The opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party;

   ii. Secretarial, clerical and paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party;

   iii. Independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action;

   iv. Officers and managerial or supervisory personnel of the party;

   v. Court reporters or stenographers engaged to record deposition testimony, and their employees;

   vi. Court, its personnel, and court reporters and videographers transcribing or recording testimony at depositions or hearings;

   vii. Any person who authored or previously received the document or information before its designation as "Confidential," "Confidential

        Subject to Confidentiality Order, "Attorneys' Eyes Only," and/or "Attorneys' Eyes Only Subject to Confidentiality Order;"

    viii. Any person necessarily incidental to discovery and/or the preparation for trial of this matter; and,

    ix. Such other persons as hereafter may be authorized by the Court upon motion of either party.

5. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within thirty (30) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the

        Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

    c.    If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party or as directed by the Court.

6.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Confidentiality Order.

7.    When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Southern District of New York, a judge's Individual Rules and Practices, and Rules of Professional Conduct. Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or

work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

8. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within paragraphs 4(c)(iii), 4(c)(iv), 4(c)(v) and 4(c)(ix) above, to whom a disclosure of information subject to the Confidentiality Order is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

9. The provisions of this Confidentiality Order shall not be construed as preventing:

   a. Any disclosure of information subject to the Confidentiality Order by the party that designated the information as such;

   b. Any disclosure of information subject to the Confidentiality Order to any judge, magistrate, or employee of this Court for purposes of this action;

   c. Any disclosure of information subject to the Confidentiality Order if a party or person to whom information subject to the Confidentiality Order has been produced, thereafter becomes obligated to disclose the information in response to a subpoena or other legal process; provided that the subpoenaed party or person gives written notice within ten (10) business days of receipt of the subpoena to counsel for the disclosing party; and

   d. Any disclosure of information subject to the Confidentiality Order to any persons consented to by the party designating the information as such, or by its counsel.

10. All information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is filed with the Court, and any pleadings, motions, or other papers

filed with the Court disclosing any information subject to the Confidentiality Order, shall be redacted so as to remove any such confidential information or filed under seal and kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that constitute information subject to the Confidentiality Order shall be filed under seal.

11. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, or other confidential matters; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; (c) prejudice in any way the right of a party to seek a Court determination whether particular discovery material should be produced, or if produced, whether such material should be subject to the terms of this Confidentiality Order; or, (d) prejudice in any way the right of a party to apply to the Court for a further confidentiality order relating to any information subject to the Confidentiality Order.

12. Upon the conclusion of this litigation, all information subject to the Confidentiality Order supplied by the producing party and all copies thereof shall be returned to the producing party or such information subject to the Confidentiality Order shall be certified to have been destroyed. "Conclusion of this litigation" shall mean the time when any settlement or judgment has become final and all appeal periods have expired.

13. Nothing in this Confidentiality Order shall preclude a party from submitting information subject to the Confidentiality Order in support of a dispositive motion in this action.

14. Nothing in this Confidentiality Order shall preclude a party from offering information subject to the Confidentiality Order into evidence at a trial of this action.

15. The parties agree to be bound by the terms of this Confidentiality Order pending its entry by the Court.

16. The parties to this action consent to the form and entry of this Confidentiality Order.

9

| ASHCROFT LAW FIRM | PORT AUTHORITY LAW DEPARTMENT |
| --- | --- |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| By: /s/ *J. Christopher Amrhein, Jr.* | By: /s/ *Cheryl Alterman* |
|     J. Christopher Amrhein, Jr., Esq. |     Cheryl Alterman, Esq. |

SO ORDERED

                January 19    , 2022

_____
Honorable Naomi Reice Buchwald
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                        Plaintiffs,

   -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, and PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE DEPARTMENT
a/k/a PORT AUTHORITY POLICE DEPARTMENT
a/k/a PAPD, PAPD OFFICER MICHAEL BUGIADA,
PAPD OFFICER ROBERT JOSEPH, PAPD OFFICER
JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN
DURAN,

                        Defendants.
------------------------------------------------------------X

Case No.: 21-cv-6226 (NRB)

## ACKNOWLEDGMENT OF
## STIPULATION & ORDER OF CONFIDENTIALITY

I,_____, hereby certify that I have read the Stipulation and Order of Confidentiality ("Confidentiality Order") entered in the United States District Court for the Southern District of New York in the above-captioned matter. I understand the Confidentiality Order and agree to be bound by its terms. Specifically, and without limitation upon such terms, I agree that: (1) I will not at any time reveal to or discuss with anyone the contents of information subject to the Confidentiality Order furnished to me in the course of this action, except as expresslyauthorized by the Confidentiality Order, or as otherwise permitted by the Court; (2) any information furnished to me will be used by me only for purposes of this action and for no other purpose; and, (3) I consent to personal jurisdiction in the United States District Court for the Southern District of New York with respect to enforcement of the Confidentiality Order.

_____
Signature

_____
Date