# EXHIBIT C

# State of New York

In the Matter of the Claim of

Alexey V. Tarasov, Esq., Administrator of the Estate
of Evgeniy Lagoda, and Grigory Tikhoplav,

Claimants,

-against-

Port Authority of New York and New Jersey,
Port Authority of New York and New Jersey Police
Department a/k/a Port Authority Police Department
a/k/a PAPD,

Defendants.

## Notice of Claim



TO:    Port Authority of New York and New Jersey Police Department, 4 World Trade Center,

150 Greenwich Street, 24th Floor, New York, NY 10007.


PLEASE TAKE **NOTICE** that Alexey V. Tarasov, Esq., as Administrator of the Estate of

Evgeniy Lagoda, and Grigory Tikhoplav, by and through undersigned counsel, pursuant to N.Y.

Gen. Mun. Law § 50-e (McKinney), hereby make **claim** and demand against Port Authority of

New York and New Jersey Police Department, et al., and state as follows:

### Claimants

Alexey V. Tarasov, Esq., as Administrator of the Estate of Evgeniy Lagoda, 5211 Reading Road,
Rosenberg, Texas 77471.

Grigory Tikhoplav, 38 Blagoev St., Unit 37, Krasnodar, Russia 350065.

### Claimants' Attorneys

Michael J. Sullivan, Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

J. Christopher Amrhein, Jr., Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

Marianna Moliver, Moliver Law, 494 Eighth Avenue, 7th Floor, New York, NY 10001.

1

## Date of Loss

Date of Birth of Decedent:    █████████
Date of Death of Decedent:    April 12, 2019
Date of Subject Incident:    April 12, 2019

## Statement of Claim

On April 12, 2019, the decedent, Evgeniy Lagoda, a 39-year-old Russian sailor, experienced a seizure abord a taxiing Jet Blue flight from John F. Kennedy Airport ("JFK") to Kingston, Jamaica. Mr. Lagoda was not provided medical care after experiencing the seizure. Instead, once the aircraft arrived back to the gate, multiple police officers from the Port Authority of New York and New Jersey Police Department ("PAPD") boarded the airplane and exerted force against Mr. Lagoda in an attempt to restrain him. At some time during the altercation, Mr. Lagoda went into cardiac arrest. The actions of PAPD agents further resulted in a significant delay in the arrival of medical personnel to the aircraft. Under current PAPD guidelines, emergency vehicles, including ambulances and fire trucks, that respond to calls for service on the Air Operations Area at JFK are instructed to stand by at a designated location to await a PAPD escort to the emergency location. When the ambulance dispatched to respond to Mr. Lagoda's seizure arrived at the standby location, no officers were present to escort them to the aircraft—apparently because all available officers rushed to the aircraft. Once the medics arrived, Mr. Lagoda was found to be unresponsive and in cardiac arrest. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

## Wrongful Conduct

The conduct by the PAPD officers constituted excessive and deadly force. The use of such force against a medically vulnerable individual coming out of a seizure constitutes excessive force

2

in violation of the Fourth Amendment. The PAPD officers' use of force against Mr. Lagoda was objectively unreasonable and violated clearly established law.

The Port Authority of New York and New Jersey ("Port Authority") had final policymaking authority with regard to establishing written policies and training programs governing the conduct of PAPD officers' performing policing functions on behalf of the Port Authority. The Port Authority established and/or approved of PAPD's written policies and training governing the conduct of PAPD officers' performing policing functions. On or prior to April 12, 2019, the Port Authority and the PAPD, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the handcuffing and restraint process. The unconstitutional policies, practices, and customs set out herein were the moving force behind Mr. Lagoda's death.

The Port Authority and the PAPD failed to properly train or modify its training to PAPD officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers. With deliberate indifference to the rights of citizens, travelers, and other men and women, the Port Authority and the PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals experiencing and/or coming out of a seizure. As a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

3

## Preservation of Discoverable Materials

CLAIMANT HEREBY DEMANDS THAT THE DEFENDANTS PRESERVE ALL WRITTEN, HANDWRITTEN, ELECTRONIC, AND/OR DIGITAL DOCUMENTATION, VIDEOS, AND PHOTOGRAPHS PERTAINING TO THE INCIDENT OF APRIL 12, 2019 AND MEDICAL RECORDS OF EVGENIY LAGODA.

## Damages

The decedent, Evgeniy Lagoda, suffered extreme pain and suffering prior to his wrongful death, and ultimately died as a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions.

Claimant Alexey V. Tarasov seeks compensation on behalf of the estate for monetary expenses/losses incurred including, but not limited to, funeral, burial, and medical expenses, all of which are related to the pain and suffering and wrongful death of the decedent.

Claimant Grigory Tikhoplav is the surviving father of the decedent, Evgeniy Lagoda. Claimant Tikhoplav was deprived of the future society, aid, earnings, and comfort of the decedent. Claimant seeks compensation for the untimely wrongful death of the decedent, lost wages, and lost companionship and support.

Damages for the decedent, Evgeniy Lagoda, and his surviving relatives are in an amount that exceeds the statutory monetary jurisdictional limits.

## Compliance with N.Y. Gen. Mun. Law § 50-e (McKinney)

This Notice of Claim is served within 90 days after the appointment of the administrator and within two years of the date of death. *See* N.Y. Gen. Mun. Law § 50-e (McKinney).

4

WHEREFORE, Claimants intend to commence an action on this claim.

Dated:  April 6. 2021

**Respectfully submitted by,**

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law
494 Eighth Avenue, 7th Floor,
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm, LLC*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

*Attorneys for Claimants*

5

## VERIFICATION

STATE OF OKLAHOMA          ) ss:
COUNTY OF CLEVELAND        )

Alexey V. Tarasov, being duly sworn, deposes and states that deponent is a Claimant in the above action; that deponent has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
Alexey V. Tarasov, Esq.

Sworn to before me this _6_ day
of _April_ , _2021_.

_____
Notary Public, State of Oklahoma

6

# State of New York

In the Matter of the Claim of

Alexey V. Tarasov, Esq., Administrator of the Estate
of Evgeniy Lagoda, and Grigory Tikhoplav,

Claimants,

-against-

Port Authority of New York and New Jersey,
Port Authority of New York and New Jersey Police
Department a/k/a Port Authority Police Department
a/k/a PAPD,

Defendants.

## Notice of Claim

TO:    Port Authority of New York and New Jersey, 4 World Trade Center, 150 Greenwich Street,

24th Floor, New York, NY 10007.

PLEASE TAKE **NOTICE** that Alexey V. Tarasov, Esq., as Administrator of the Estate of

Evgeniy Lagoda, and Grigory Tikhoplav, by and through undersigned counsel, pursuant to N.Y.

Gen. Mun. Law § 50-e (McKinney), hereby make **claim** and demand against Port Authority of

New York and New Jersey, et al., and state as follows:

### Claimants

Alexey V. Tarasov, Esq., as Administrator of the Estate of Evgeniy Lagoda, 5211 Reading Road,
Rosenberg, Texas 77471.

Grigory Tikhoplav, 38 Blagoev St., Unit 37, Krasnodar, Russia 350065.

### Claimants' Attorneys

Michael J. Sullivan, Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

J. Christopher Amrhein, Jr., Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

Marianna Moliver, Moliver Law, 494 Eighth Avenue, 7th Floor, New York, NY 10001.

1

## Date of Loss

Date of Birth of Decedent: ███████████
Date of Death of Decedent: April 12, 2019
Date of Subject Incident: April 12, 2019

## Statement of Claim

On April 12, 2019, the decedent, Evgeniy Lagoda, a 39-year-old Russian sailor, experienced a seizure abord a taxiing Jet Blue flight from John F. Kennedy Airport ("JFK") to Kingston, Jamaica. Mr. Lagoda was not provided medical care after experiencing the seizure. Instead, once the aircraft arrived back to the gate, multiple police officers from the Port Authority of New York and New Jersey Police Department ("PAPD") boarded the airplane and exerted force against Mr. Lagoda in an attempt to restrain him. At some time during the altercation, Mr. Lagoda went into cardiac arrest. The actions of PAPD agents further resulted in a significant delay in the arrival of medical personnel to the aircraft. Under current PAPD guidelines, emergency vehicles, including ambulances and fire trucks, that respond to calls for service on the Air Operations Area at JFK are instructed to stand by at a designated location to await a PAPD escort to the emergency location. When the ambulance dispatched to respond to Mr. Lagoda's seizure arrived at the standby location, no officers were present to escort them to the aircraft—apparently because all available officers rushed to the aircraft. Once the medics arrived, Mr. Lagoda was found to be unresponsive and in cardiac arrest. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

## Wrongful Conduct

The conduct by the PAPD officers constituted excessive and deadly force. The use of such force against a medically vulnerable individual coming out of a seizure constitutes excessive force

2

in violation of the Fourth Amendment. The PAPD officers' use of force against Mr. Lagoda was objectively unreasonable and violated clearly established law.

The Port Authority of New York and New Jersey ("Port Authority") had final policymaking authority with regard to establishing written policies and training programs governing the conduct of PAPD officers' performing policing functions on behalf of the Port Authority. The Port Authority established and/or approved of PAPD's written policies and training governing the conduct of PAPD officers' performing policing functions. On or prior to April 12, 2019, the Port Authority and the PAPD, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the handcuffing and restraint process. The unconstitutional policies, practices, and customs set out herein were the moving force behind Mr. Lagoda's death.

The Port Authority and the PAPD failed to properly train or modify its training to PAPD officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers. With deliberate indifference to the rights of citizens, travelers, and other men and women, the Port Authority and the PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals experiencing and/or coming out of a seizure. As a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

## Preservation of Discoverable Materials

CLAIMANT HEREBY DEMANDS THAT THE DEFENDANTS PRESERVE ALL WRITTEN, HANDWRITTEN, ELECTRONIC, AND/OR DIGITAL DOCUMENTATION, VIDEOS, AND PHOTOGRAPHS PERTAINING TO THE INCIDENT OF APRIL 12, 2019 AND MEDICAL RECORDS OF EVGENIY LAGODA.

## Damages

The decedent, Evgeniy Lagoda, suffered extreme pain and suffering prior to his wrongful death, and ultimately died as a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions.

Claimant Alexey V. Tarasov seeks compensation on behalf of the estate for monetary expenses/losses incurred including, but not limited to, funeral, burial, and medical expenses, all of which are related to the pain and suffering and wrongful death of the decedent.

Claimant Grigory Tikhoplav is the surviving father of the decedent, Evgeniy Lagoda. Claimant Tikhoplav was deprived of the future society, aid, earnings, and comfort of the decedent. Claimant seeks compensation for the untimely wrongful death of the decedent, lost wages, and lost companionship and support.

Damages for the decedent, Evgeniy Lagoda, and his surviving relatives are in an amount that exceeds the statutory monetary jurisdictional limits.

## Compliance with N.Y. Gen. Mun. Law § 50-e (McKinney)

This Notice of Claim is served within 90 days after the appointment of the administrator and within two years of the date of death. *See* N.Y. Gen. Mun. Law § 50-e (McKinney).

4

WHEREFORE, Claimants intend to commence an action on this claim.

Dated:  April 6, 2021

Respectfully submitted by,

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law
494 Eighth Avenue, 7th Floor,
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm, LLC*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

*Attorneys for Claimants*

5

## VERIFICATION

STATE OF OKLAHOMA          ) ss:
COUNTY OF CLEVELAND        )

Alexey V. Tarasov, being duly sworn, deposes and states that deponent is a Claimant in the above action; that deponent has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
Alexey V. Tarasov, Esq.

Sworn to before me this __6__ day

of __April__, 2021.

_____
Notary Public, State of Oklahoma

VALERIY A. TARASOV
NOTARY
No. 17009841
Expires
Oct. 25, 2021
PUBLIC
STATE OF OKLAHOMA

6