# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                            Plaintiffs,

       -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                         Defendants.
-------------------------------------------------------------------------- x

**SUMMONS**

Index No: 153490/2021

TO PAPD OFFICER MICHAEL BUGIADA,

       PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the First Amended Complaint of the Plaintiffs herein and to serve a copy of your answer to Plaintiffs' attorney at the address indicated below within twenty (20) days after the service of this Summons (not counting the day of service itself), or within thirty (30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.

Dated:  June 29, 2021

**Respectfully submitted by**,

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law LLC
494 Eighth Avenue, 7th Floor
New York, NY 10001
marianna@moliverlaw.com

1

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 3 of 32

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                          Plaintiffs,

**SUMMONS**

    -against-

Index No: 153490/2021

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                      Defendants.
--------------------------------------------------------------------------- x

TO PAPD OFFICER ROBERT JOSEPH,

       PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the First
Amended Complaint of the Plaintiffs herein and to serve a copy of your answer to Plaintiffs'
attorney at the address indicated below within twenty (20) days after the service of this Summons
(not counting the day of service itself), or within thirty (30) days after service is complete if the
Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.

  Dated:  June 29, 2021

**Respectfully submitted by**,

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law LLC
494 Eighth Avenue, 7th Floor
New York, NY 10001
marianna@moliverlaw.com

1

Case 1:21-cv-06226-NRB   Document 75-5   Filed 03/28/25   Page 5 of 32

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                           Plaintiffs,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                        Defendants.
-------------------------------------------------------------------------- x

                          **SUMMONS**

               Index No: <u>153490/2021</u>

TO PAPD OFFICER JONATHAN PAPIA,

       PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the First
Amended Complaint of the Plaintiffs herein and to serve a copy of your answer to Plaintiffs'
attorney at the address indicated below within twenty (20) days after the service of this Summons
(not counting the day of service itself), or within thirty (30) days after service is complete if the
Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.

Dated:  June 29, 2021             **Respectfully submitted by**,

                          <u>/s/ Marianna Moliver</u>
                          Marianna Moliver (NY BBO# 4641817)
                          Moliver Law LLC
                          494 Eighth Avenue, 7th Floor
                          New York, NY 10001
                          marianna@moliverlaw.com

                       1

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                       Plaintiffs,

      -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                       Defendants.
-------------------------------------------------------------------------- x

**SUMMONS**

Index No: 153490/2021

TO PAPD OFFICER PAUL MEZZACAPPA,

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the First
Amended Complaint of the Plaintiffs herein and to serve a copy of your answer to Plaintiffs'
attorney at the address indicated below within twenty (20) days after the service of this Summons
(not counting the day of service itself), or within thirty (30) days after service is complete if the
Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.

  Dated: June 29, 2021                    **Respectfully submitted by**,

                                      /s/ Marianna Moliver
                                      Marianna Moliver (NY BBO# 4641817)
                                      Moliver Law LLC
                                      494 Eighth Avenue, 7th Floor
                                      New York, NY 10001
                                      marianna@moliverlaw.com

1

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

2

Case 1:21-cv-06226-NRB   Document 75-5   Filed 03/28/25   Page 10 of 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                        Plaintiffs,                          **SUMMONS**

        -against-                                                            Index No: 153490/2021

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                        Defendants.
-------------------------------------------------------------------------- x


TO PAPD OFFICER JONATHAN DURAN,

        PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the First
Amended Complaint of the Plaintiffs herein and to serve a copy of your answer to Plaintiffs'
attorney at the address indicated below within twenty (20) days after the service of this Summons
(not counting the day of service itself), or within thirty (30) days after service is complete if the
Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.


  Dated:  June 29, 2021                    **Respectfully submitted by**,

                                           /s/ Marianna Moliver
                                           Marianna Moliver (NY BBO# 4641817)
                                           Moliver Law LLC
                                           494 Eighth Avenue, 7th Floor
                                           New York, NY 10001
                                           marianna@moliverlaw.com


                                           1

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                        Plaintiffs,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                        Defendants.
-------------------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

Index No: 153490/2021

## **PARTIES**

1.      Plaintiff Alexey V. Tarasov ("Tarasov") resides in Fort Bend County, Texas, and is an attorney duly licensed to practice in the states of Texas, Oklahoma, and New York, including this Honorable Court. On January 8, 2021, Mr. Tarasov was appointed as the Administrator of the Estate of Evgeniy Lagoda, deceased, by the Surrogate's Court of the State of New York, Queens County. *See* Exhibit A.

2.      At all times relevant herein and until the time of his death on April 12, 2019, decedent Evgeniy Lagoda ("Mr. Lagoda" or "Lagoda") was a citizen of Russia, residing in the city of Krasnodar. Mr. Lagoda is survived by next of kin including his minor child and his parents.

3.      Plaintiff Grigory Tikhoplav is the father of Mr. Lagoda and is a citizen of Russia, residing in the city of Krasnodar.

1

4.      Defendant Port Authority of New York and New Jersey ("Port Authority") is and was at all times relevant herein a governmental entity created and authorized under the laws of the States of New York and New Jersey.  The Port Authority has its principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007.  The Port Authority is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

5.      Defendant Port Authority of New York and New Jersey Police Department a/k/a Port Authority Police Department a/k/a PAPD ("PAPD") is the law enforcement agency of the Port Authority.  The PAPD has precincts located across New York, NY.

6.      Defendants Michael Bugiada ("Officer Bugiada") was an Officer for the PAPD on April 12, 2019, and contributed to the wrongful death of Mr. Lagoda.

7.       Defendants Robert Joseph ("Officer Joseph") was an Officer for the PAPD on April 12, 2019, and contributed to the wrongful death of Mr. Lagoda.

8.      Defendants Jonathan Papia ("Officer Papia") was an Officer for the PAPD on April 12, 2019, and contributed to the wrongful death of Mr. Lagoda.

9.      Defendants Paul Mezzacappa ("Officer Mezzacappa") was an Officer for the PAPD on April 12, 2019, and contributed to the wrongful death of Mr. Lagoda.

10.      Defendants Jonathan Duran ("Officer Duran") was an Officer for the PAPD on April 12, 2019, and contributed to the wrongful death of Mr. Lagoda.

## SERVICE OF NOTICE OF CLAIM

11.      Plaintiffs served the Port Authority with a Notice of Claim on April 7, 2021.  *See* Exhibit B (Affidavit of Service upon Port Authority).  Service was properly effectuated within 90 days after the appointment of Tarasov as Administrator of the Estate of Evgeniy Lagoda, deceased.

2

*See* N.Y. Gen. Mun. Law § 50-e (McKinney).  Further, service was made 83 days prior to the filing of this Amended Complaint, which "supersedes the original complaint and becomes the only complaint in the case." *R & G Brenner Income Tax Consultants v. Gilmartin*, 89 N.Y.S.3d 85, 89 (2d Dept 2018); *see also* N.Y. Unconsol. Law § 7107.

12.     Plaintiffs served the PAPD with a Notice of Claim on April 7, 2021.  *See* Exhibit C (Affidavit of Service upon PAPD).  Service was properly effectuated within 90 days after the appointment of Tarasov as Administrator of the Estate of Evgeniy Lagoda, deceased.  *See* N.Y. Gen. Mun. Law § 50-e (McKinney).  Further, service was made 83 days prior to the filing of this Amended Complaint, which "supersedes the original complaint and becomes the only complaint in the case." *R & G Brenner Income Tax Consultants v. Gilmartin*, 89 N.Y.S.3d 85, 89 (2d Dept 2018); *see also* N.Y. Unconsol. Law § 7107.

## JURISDICTION AND VENUE

13.     This court has jurisdiction over Plaintiffs' claims because the events leading to this action occurred within New York and Defendants are residents and/or employees of New York.

14.     Venue is proper in New York County because any county that lies wholly or partially within the Port of New York District is appropriate.  *See Rodriguez v. Port Auth. of New York & New Jersey*, 293 A.D.2d 325, 325 (2002) ("Even though the allegedly wrongful death took place at JFK International Airport, in Queens County, venue is properly lodged, in an action against the Port Authority, in the Bronx or any other county that lies wholly or partially within the Port of New York district (McKinney's Uncons. Laws of N.Y. § 7106).").  These counties include New York (Manhattan), Kings (Brooklyn), Bronx, Queens, and Richmond (Staten Island), as well as Nassau, Rockland, and Westchester.  *See Overview of Facilities and Services*, The Port

3

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 15 of 32

Authority of New York & New Jersey, https://old.panynj.gov/about/facilities-services.html (last visited April 7, 2021).

## STATEMENT OF FACTS

### *Evgeniy Lagoda's Seizure and Disoriented Mental State*

15.     On April 12, 2019, 39-year-old Russian national Evgeniy Lagoda was traveling by air from Moscow, via JFK International Airport ("JFKIA"), to Kingston, Jamaica, where he was set to join the crew of a tanker ship as an engineer.

16.     Upon information and belief, Mr. Lagoda boarded the JetBlue aircraft at JFKIA at approximately 9:30 PM and sat in an aisle seat in the second-to-last row of seats.

17.     At approximately 10:00 PM, as the aircraft was taxiing away toward the runway, Mr. Lagoda began to have a seizure.

18.     Upon information and belief, nearby passengers witnessed Mr. Lagoda's seizure and called for help.  Two male flight attendants responded immediately, while a third flight attendant called for medical assistance over a loudspeaker and alerted the pilots of the emergency.

19.     Upon information and belief, three female nurses—all passengers on the flight—made their way to the rear of the aircraft.

20.     Upon information and belief, a nurse directed the flight attendants to lift Mr. Lagoda from his seat, carry him into the rear of the plane, and lay him on the floor on his side with pillows and blankets placed under his head.

21.     At this point, Mr. Lagoda was still experiencing his seizure.

22.     Upon information and belief, the nurses and flight attendants made sure that Mr. Lagoda did not strike his head on the ground, seats, doors, walls, or any other surface.

4

23. The seizure began to subside after several minutes of convulsions and bleeding from the mouth. Nevertheless, it was clear that Mr. Lagoda was still disoriented.

24. Upon information and belief, Mr. Lagoda remained silent when flight attendants and nurses attempted to explain to him what had happened. They were unaware that Mr. Lagoda neither spoke nor understood the English language.

25. Mr. Lagoda was noticeably disoriented, sweating profusely, and his eyes were blank.

26. Upon information and belief, Mr. Lagoda, saying nothing, got to his feet.

27. Upon information and belief, a male flight attendant stepped in front of Mr. Lagoda and urged, in English, Mr. Lagoda to calm down, unaware of Mr. Lagoda's inability to understand or speak English.

28. It was around this time that a Russian colleague of Mr. Lagoda appeared at the rear of the aircraft. Speaking Mr. Lagoda's native tongue, the colleague tried to calm Mr. Lagoda.

29. Mr. Lagoda remained disoriented.

### *PAPD's Response, Physical Harm, and Handcuffing*

30. At nearly 10:30 PM, the pilots returned to the terminal.

31. Upon return and opening of the doors at the gate, the first of many PAPD Officers rushed onto the aircraft.

32. A PAPD Officer Michael Bugiada was dispatched to the scene, responding to a radio call regarding a male having a seizure onboard a docked JetBlue plane.

33. As Officer Bugiada made his way to the gate, Emergency Medical Services ("EMS"), upon information and belief, was also alerted to the emergency and additional PAPD Officers were instructed to escort the ambulance to the aircraft.

5

34.     Upon boarding, Officer Bugiada was directed to the rear of the plane. By the time he reached the rear, a disoriented Mr. Lagoda was standing.

35.     Upon information and belief, a flight attendant told Officer Bugiada that Mr. Lagoda was disoriented and combative after suffering a seizure.

36.     Upon information and belief, Officer Bugiada stated, in English, to Mr. Lagoda that he had just had a seizure and instructed him, in English, to calm down.

37.     A disoriented and non-English speaking, Mr. Lagoda, upon information and belief, failed to comply with the instructions.

38.     Upon information and belief, Officer Bugiada pepper sprayed the disoriented Mr. Lagoda in response.

39.     Upon information and belief, in response, Officer Bugiada punched a disoriented Mr. Lagoda in the face with his fist, knocking Mr. Lagoda to the ground.

40.     Upon information and belief, Officer Bugiada delivered and landed one-to-several blows to Mr. Lagoda before knocking him to the ground.

41.     Upon information and belief, Officer Bugiada began his efforts to handcuff a disoriented Mr. Lagoda now that Lagoda was on the ground.

42.     Upon information and belief, Officer Bugiada struggled to successfully handcuff Mr. Lagoda and, amidst the struggle, ended up on top of Mr. Lagoda—who was on his back—and straddling Mr. Lagoda's chest and torso.

43.     Upon information and belief, a disoriented Mr. Lagoda was punched several times by Officer Bugiada after Mr. Lagoda was not responsive to Officer Bugiada's orders, which again were given in English.

6

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 18 of 32

44.    Upon information and belief, at some point during the struggle Officer Bugiada called for backup.

45.    Upon information and belief, Officer Bugiada flipped Mr. Lagoda onto his stomach, and proceeded to punch a disoriented, non-English-speaking-or-understanding Mr. Lagoda several more times in the face in an effort to get him to comply with English orders.

46.    Upon information and belief, Officer Bugiada laid on top of Mr. Lagoda, who was still flat on his stomach.

47.    Upon information and belief, approximately four additional PAPD Officers— Officers Joseph, Papia, Mezzacappa, and Duran—arrived aboard the plane and began to aid Officer Bugiada in restraining Mr. Lagoda.

48.    Upon information and belief, the additional PAPD Officers witnessed Officer Bugiada on top of Mr. Lagoda before attempting to aid him.

49.    Upon information and belief, Officer Bugiada attempted to take control of Mr. Lagoda's right arm, Officers Joseph and Papia attempted to take control of Mr. Lagoda's left arm, and in the meanwhile, Officer Mezacappa grabbed one of Mr. Lagoda's legs while Officer Duran put Mr. Lagoda's other leg in a "compliance hold," which forcefully presses a police baton against Mr. Lagoda's shin.

50.    Mr. Lagoda was ultimately restrained by the PAPD Officers.

51.    Upon information and belief, the additional officers punched a disoriented and restrained Mr. Lagoda several times.

### Evgeniy Lagoda's Death

52.    After Mr. Lagoda suffered a seizure, was convulsing and bleeding from the mouth, overcame the seizure, remained disoriented from the seizure, was pepper sprayed, punched, sat on,

7

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 19 of 32

punched some more, and was restrained, the PAPD Officers eventually rolled Mr. Lagoda onto his side and Officer Papia subsequently noticed that the side of Mr. Lagoda's neck was turning blue.

53. Upon information and belief, Officer Joseph then checked for a pulse and found none.

54. Upon information and belief, PAPD Officers removed the handcuffs and placed Mr. Lagoda on his back. Officers Mezacappa and Papia attempted Cardiopulmonary Resuscitation, commonly known as CPR, but attempts were unsuccessful.

55. Upon information and belief, PAPD Officers also attempted to resuscitate Mr. Lagoda using an Automated External Defibrillator ("AED"); the AED was connected to Mr. Lagoda, but the device detected no heartbeat, which is necessary to trigger a shock.

56. Upon information and belief, EMS, Emergency Medical Technicians ("EMTs"), and an ambulance had from the beginning been aware of PAPD's call to respond to the man suffering a seizure aboard an aircraft, but were waiting for the required police escort.

57. Upon information and belief, at least one of the approximately four additional PAPD Officers who boarded the plane and aided Officer Bugiada was supposed to—but did not—stay behind and escort the ambulance to the aircraft.

58. Upon information and belief, PAPD Officers aboard the aircraft radioed for EMS assistance after discovering Mr. Lagoda did not have a pulse.

59. Upon information and belief, EMS, with police escort, arrived at the aircraft approximately 20 minutes after Mr. Lagoda was discovered to not have a pulse.

60. Upon information and belief, EMS was ready and able to arrive—and would have arrived—at the scene in mere minutes after the initial radio call regarding a man aboard a flight

8

Case 1:21-cv-06226-NRB   Document 75-5   Filed 03/28/25   Page 20 of 32

having a seizure, not the subsequent radio call by PAPD Officers after they punched, sat on, and ultimately found Mr. Lagoda unresponsive.

61. Upon information and belief, EMS was unable to arrive in time to provide medical assistance to a disoriented Mr. Lagoda—who, at that point, had not yet been physically beaten by PAPD Officers—because PAPD Officers failed to assign one of its responding Officers the role of staying behind for the purposes of escorting EMS to the scene.

62. Upon information and belief, the EMTs boarded the aircraft, found PAPD Officers continuing to perform CPR on a non-responsive Mr. Lagoda, and unsuccessfully attempted to use a defibrillator on Mr. Lagoda because, just as before, the device registered no heartbeat.

63. Upon information and belief, the EMTs moved Mr. Lagoda via stretcher to an ambulance and departed for Jamaica (Queens) Hospital.

64. Upon information and belief, EMTs were unable to regain a pulse despite numerous attempts.

65. Upon information and belief, Jamaica Hospital doctors, after several attempts to reestablish cardiac activity, found Mr. Lagoda to be unresponsive.

66. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

## AS AND FOR A FIRST CAUSE OF ACTION FOR WRONGFUL DEATH
### (Against All Defendants)

67. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 66.

68. Mr. Lagoda died on April 12, 2019, as a result of the physical injuries caused by the PAPD.

9

69. The PAPD, the law enforcement agency of the Port Authority, committed physical, wrongful and negligent acts against Mr. Lagoda that were the direct and proximate reason for Lagoda's death.

70. The PAPD, the law enforcement agency of the Port Authority, was neglectful of Mr. Lagoda's post-seizure condition, and ultimately caused Mr. Lagoda's death.

71. The PAPD, the law enforcement agency of the Port Authority, committed wrongful acts that would have been actionable if Mr. Lagoda had survived said wrongful acts.

72. Mr. Lagoda is survived by a minor child and his parents, including Plaintiff Grigory Tikhoplav (together, "Distributees").

73. The Distributees suffered pecuniary damages, including loss of support, loss of household services, and loss of parental care and guidance. Additional pecuniary losses include Mr. Lagoda's loss of earnings and the possibility of inheritance from the decedent.

74. Plaintiff Tarasov was properly appointed as the Administrator of the Estate of Mr. Lagoda, deceased, by the Surrogate's Court of the State of New York, Queens County. *See* Exhibit A.

75. Plaintiff Tarasov and the Distributees suffered damages in the form of medical expenses and funeral expenses.

76. Plaintiff Tarasov, the Administrator of the Estate of Mr. Lagoda, deceased, and the Distributees demand money damages having a present value that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION FOR PAIN AND SUFFERING
### (Against All Defendants)

77. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 76.

10

Case 1:21-cv-06226-NRB Document 75-5 Filed 03/28/25 Page 22 of 32

78. Mr. Lagoda suffered conscious pain, suffering, and agony prior to his death.

79. Plaintiff Tarasov, the Administrator of the Estate of Mr. Lagoda, deceased, demands money damages having a present value that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR *CANTON*[1] LIABILITY
### (Against All Defendants)

80. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 79.

81. The Port Authority and PAPD failed to properly train or modify its training of PAPD Officers, including but not limited to, matters related to the reasonable and appropriate use of force during arrests, and intervention when excessive force is used by fellow officers.

82. Effectuating an arrest, using force to effectuate an arrest, and intervening in the excessive use of force is a usual and recurring situation which PAPD Officers and other agents encounter on a regular basis.

83. As such, the Port Authority and PAPD were aware or should have been aware of a need for different training.

84. In particular, the Port Authority and PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals coming out of a seizure.

85. The Port Authority and PAPD were therefore deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

---

[1] *City of Canton v. Harris*, 489 U.S. 378 (1989) (imposing liability for indifferent or improper training policies and practices). 42 U.S.C. § 1983 claims are actionable in state court. *Howlett v. Rose*, 496 U.S. 356 (1990) (holding that state courts of general jurisdiction must hear § 1983 claims).

11

86.     The Port Authority and PAPD failed to train and/or to appropriately modify training of official policies, practices, or customs.

87.     The Port Authority's and PAPD's failure to train and/or to modify training was the cause behind the wrongful acts and neglect the PAPD Officers made toward Mr. Lagoda.

88.     As a direct and proximate result of the Port Authority's and PAPD's wrongful acts and neglect, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

89.     Plaintiff Tarasov, Administrator of the Estate of Mr. Lagoda, deceased, is entitled to the recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

90.     As a direct and proximate result of these wrongful acts and neglect, Mr. Lagoda's Destributees have suffered pecuniary loss, including medical and funeral expenses, loss of aid, counsel, guidance, advice, assistance, protection, and support in an amount to be determined by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants pursuant to the First, Second, and Third causes of action, in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with punitive damages, costs, disbursements of this action, and such other relief as this Honorable Court deems just, necessary, and proper.

## JURY TRIAL

Plaintiffs demand a trial by jury of all issues and claims in this action that are so triable.

Dated:  June 29, 2021

**Respectfully submitted by**,

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law LLC

12

Case 1:21-cv-06226-NRB     Document 75-5     Filed 03/28/25     Page 24 of 32

494 Eighth Avenue, 7th Floor
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice***

*Attorneys for Plaintiffs*

13

## ATTORNEY'S VERIFICATION

J. CHRISTOPHER AMRHEIN, JR., an attorney admitted *pro hac vice* to practice before the Courts of the State of New York, affirms the following to be true under penalties of perjury: I am an attorney at ASHCROFT LAW FIRM, attorneys of record for Plaintiffs. I have read the FIRST AMENDED COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent available information.

This verification is made by me because Plaintiffs are either not present in the state or country where my office is located.

DATED:    Boston, MA
            June 29, 2020

_____
J. CHRISTOPHER AMRHEIN, JR.

14

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 26 of 32

# Exhibit A

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 27 of 32

At the Surrogates Court of the State of New York

in and for the County of Queens at 88-11

Sutphin   Blvd. ,Jamaica NY 11435 on

_____ **January 8, 2021** _____

PRESENT: HON. PETER J. KELLY, Surrogate.

Ancillary Administration Proceeding in the

Estate of     **Evgeniy Lagoda**

a/k/a

**DECREE APPOINTING**

**ANCILLARY ADMINISTRATOR**

File No. **2020-4678**

_____    Deceased.

A copy of the record of the proceedings for the Estate of    **Evgeniy Lagoda** Deceased, late of the

County Krasnodar of Krasnodar Territory and the Country of Russia, and of the certificates awarded by the

Court of City of Krasnodar within said State, entered the 24th day of October, 2019 granting the heirs

certificates of said Estate, authenticated as prescribed by statute, having been filed in this court on the

3rd day of November, 2020 together with an instrument duly executed by the said heirs authorizing

**Alexey Tarasov** to receive Ancillary Letters of Administration upon the Estate of said deceased, and the

said **Alexey Tarasov** having therewith presented to and filed in this court a verified petition praying for a

decree awarding Ancillary Letters of Administration to **Alexey Tarasov** on said Estate.

Now, on the application of    **Alexey Tarasov,**    the petitioner herein, the filing of a bond is

dispensed with,   a decision having been rendered January 7, 2021, it is hereby,

ORDERED   AND   DECREED      that Ancillary Letters of Administration on the Estate of

**Evegniy Lagoda** deceased, issue to the said **Alexey Tarasov** upon otherwise qualifying according to law,

and it is further

ORDERED AND DECREED that the said Ancillary Administrator is hereby restrained from collecting

or receiving any fund or other property of the said decedent in excess of $ **0** Dollars without further order

of the Surrogate, made upon the filing of satisfactory security, and it is further

ORDERED AND DECREED that the said Ancillary Administrator is   hereby restrained from

collecting or receiving any    funds or property of said intestate or from compromising any action which

AA-6 (8/00)

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 28 of 32

existed in behalf of the decedent, or the enforcement of any judgment recovered therein until the further order of the Surrogate made upon filing satisfactory security, and it is further

ORDERED AND DECREED that the said Ancillary Administrator is hereby restrained from compromising any action resulting from a wrongful act, neglect or default causing death of decedent, or the enforcement of any judgment recovered therein until the further order of the Surrogate Court or the Court in which the action is pending pursuant to E.P.T.L. 5-4.6, and it is further

ORDERED AND DECREED that none of the property be removed from this State without first giving the State Tax Commission sufficient evidence to enable it to ascertain the tax due thereon.

_____

Surrogate

AA-6 (8/00)

Case 1:21-cv-06226-NRB    Document 75-5    Filed 03/28/25    Page 29 of 32

# Exhibit B

ALEXEY V. TARASOV, ESQ., ADMINISTRATOR OF THE ESTATE OF
EVGENIY LAGODA, ETANO

Plaintiff(s)

- against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETANO

Defendant(s)

File # 290.46 (CC)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

CHRISTOPHER J. KLEIN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 7, 2021 at 11:30 AM at

4 WORLD TRADE CENTER
150 GREENWICH STREET, 23RD FLOOR
ATTN: CLAIMS DEPARTMENT
NEW YORK, NY 10007

deponent served the within NOTICE OF CLAIM on PORT AUTHORITY OF NEW YORK AND NEW JERSEY therein named.

BY LEAVING A TRUE COPY WITH SANDRA "S"., SECURITY GUARD, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BROWN | 35 | 5'5 | 140 |

PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on:  April 7, 2021

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

RALPH J MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in Queens County
Commission Expires April 11,2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

**CHRISTOPHER J. KLEIN**
License #: 1188546
Invoice #: 762449

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY  10007 - (212) 619-0728  NYCDCA#1102045

# Exhibit C

ALEXEY V. TARASOV, ESQ., ADMINISTRATOR OF THE ESTATE OF
EVGENIY LAGODA, ETANO

Plaintiff(s)

- against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETANO

Defendant(s)

File # 290.46 (CC)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

CHRISTOPHER J. KLEIN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 7, 2021 at 11:30 AM at

4 WORLD TRADE CENTER
150 GREENWICH STREET, 23RD FLOOR
ATTN: CLAIMS DEPARTMENT
NEW YORK, NY 10007

deponent served the within NOTICE OF CLAIM on PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT A/K/A PORT AUTHORITY POLICE DEPARTMENT A/K/A PAPD therein named.

BY LEAVING A TRUE COPY WITH SANDRA "S"., SECURITY GUARD, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | BLACK | BROWN | 35 | 5'5 | 140 |

PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on:  April 7, 2021

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

RALPH J MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in Queens County
Commission Expires April 11,2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

**CHRISTOPHER J. KLEIN**
License #: 1188546
Invoice #: 762449

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY  10007 - (212) 619-0728   NYCDCA#1102045