# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                           Plaintiffs,

      -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, and PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE DEPARTMENT
a/k/a PORT AUTHORITY POLICE DEPARTMENT
a/k/a PAPD, PAPD OFFICER MICHAEL BUGIADA,
PAPD OFFICER ROBERT JOSEPH, PAPD OFFICER
JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN
DURAN,

                           Defendants.

-------------------------------------------------------------------X

Case No.: 21-cv-6226 (NRB)

**ANSWER**

**JURY TRIAL DEMANDED**

        Defendants, Port Authority of New York and New Jersey, (the "Port Authority")[1], PAPD

Police Officers Michael Bugiada, PAPD Officer Robert Joseph, PAPD Officer Jonathan Papia,

PAPD Officer Paul Mezzacappa, and PAPD Officer Jonathan Duran, (hereinafter referred to

collectively as "Defendants"), by the undersigned attorney for the Port Authority Law

Department, answer Plaintiffs' First Amended Complaint (the "Complaint") in the above titled

action and state to this Court upon information and belief the following:

## **PARTIES**

        1.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1" of the Complaint.

        2.     Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "2" of the Complaint.

---

[1] The Port Authority of New York and New Jersey Police Department a/k/a Port Authority Police Department a/k/a PAPD was also named as Defendant in this matter; however, the Port Authority Police Department does not exist as a separate entity that is subject to suit.

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.      Defendants deny the allegations contained in paragraph "4" of the Complaint in the form alleged, except admit that the Port Authority is a body, corporate and politic, created by Compact between the States of New York and New Jersey with consent of the Congress of the United States with its principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and that the Port Authority has a Public Safety Department ("PSD") that employs sworn police officers in New York and New Jersey, and respectfully refer all questions of law to the Court. .

5.      Defendants deny the allegations contained in paragraph "5" of the Complaint in the form alleged, except admit that the Port Authority has a PSD that employs police officers at its various facilities.

6.      Defendants deny the allegations contained in paragraph "6" of the Complaint, except admit that the Port Authority employed Michael Bugiada as a police officer, and respectfully refer all questions of law to the Court.

7.      Defendants deny the allegations contained in paragraph "7" of the Complaint, except admit that the Port Authority employed Robert Joseph as a police officer, and respectfully refer all questions of law to the Court.

8.      Defendants deny the allegations contained in paragraph "8" of the Complaint, except admit that the Port Authority employed Jonathan Papia as a police officer, and respectfully refer all questions of law to the Court.

9.     Defendants deny the allegations contained in paragraph "9" of the Complaint, except admit that the Port Authority employed Paul Mezzacappa as a police officer, and respectfully refer all questions of law to the Court.

10.     Defendants deny the allegations contained in paragraph "10" of the Complaint, except admit that the Port Authority employed Jonathan Duran, and respectfully refer all questions of law to the Court.

## SERVICE OF THE NOTICE OF CLAIM

11.     Defendants deny each and every allegation set forth in paragraph "11" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Port Authority on April 7, 2021, a Summons and Complaint was filed with the Supreme Court of the State of New York, County of New York, on April 9, 2021, and the First Amended Complaint was filed with the Supreme Court of the State of New York, County of New York, on June 29, 2021, and respectfully refer all questions of law to the Court.

12.     Defendants deny each and every allegation set forth in paragraph "12" of the Complaint inasmuch as the Port Authority Police Department is not a legal entity subject to suit, except admit that a document purporting to be a Notice of Claim was received by the Port Authority on April 7, 2021, a Summons and Complaint was filed with the Supreme Court of the State of New York, County of New York, on April 9, 2021 and the First Amended Complaint was filed with the Supreme Court of the State of New York, County of New York, on June 29, 2021, and respectfully refer all questions of law to the Court.

**JURISDICTION AND VENUE**

13.     Defendants deny the allegations contained in paragraph "13" of the Complaint, except admit that Defendants are subject to suit in New York and respectfully refer all questions of law to the Court.

14.     Defendants neither admit nor deny the allegations contained in paragraph "14" of the Complaint because there are no factual allegations alleged therein and respectfully refer all questions of law to the Court.

**STATEMENT OF FACTS**

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, except admit Port Authority police were dispatched to the aircraft following a request from JetBlue personnel.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint, except admit that Officer

Bugiada was directed to respond to the aircraft after the Port Authority received a request from JetBlue personnel.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint, except admit that when Officer Bugiada entered the aircraft he was directed to its rear.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint, except admit that Officer Bugiada spoke to JetBlue personnel after entering the aircraft.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint, except admit Officer Bugiada used reasonable force in confronting the situation.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint, except admit Officer Bugiada used reasonable force in confronting the situation.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint except admit Officer Bugiada used reasonable force in confronting the situation.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43.   Defendants deny the allegations contained in paragraph "43" of the Complaint.

44.   Defendants admit the allegations contained in paragraph "44" of the Complaint.

45.   Defendants deny the allegations contained in paragraph "45" of the Complaint.

46.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47.   Defendants deny the allegations contained in paragraph "47" of the Complaint, except admit that Officers Joseph, Papia, Mezzacappa, and Duran responded to the aircraft to provide assistance.

48.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint.

49.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50.   Defendants deny the allegations contained in paragraph "50" of the Complaint in the form alleged, except admit that Mr. Lagoda was restrained by PAPD officers.

51.   Defendants deny the allegations contained in paragraph "51" of the Complaint.

52.   Defendants deny the allegations contained in paragraph "52" of the Complaint.

53.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the Complaint.

54.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint.

55.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in paragraph "57" of the Complaint in the form alleged.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint except admit that PAPD Officers requested EMS assistance onboard the aircraft.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in paragraph "60" of the Complaint in the form alleged.

61. Defendants deny the allegations contained in paragraph "61" of the Complaint in the form alleged.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Complaint.

66. Defendants admit the allegations contained in paragraph "66" of the Complaint.

## ANSWERING THE
## FIRST CAUSE OF ACTION FOR WRONGFUL DEATH

67. In response to paragraph "67" of the Complaint, Defendants reiterate and re-allege each and every response contained in paragraphs "1" through "66" of their Answer as if fully set forth herein.

68. Defendants deny the allegations contained in paragraph "68" of the Complaint and respectfully refer all questions of law to the Court.

69. Defendants deny the allegations contained in paragraph "69" of the Complaint and respectfully refer all questions of law to the Court.

70. Defendants deny the allegations contained in paragraph "70" of the Complaint and respectfully refer all questions of law to the Court.

71. Defendants deny the allegations contained in paragraph "71" of the Complaint and respectfully refer all questions of law to the Court.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "73" of the Complaint.

74. Defendants neither admit nor deny the allegations contained in paragraph "74" of the Complaint to the extent said paragraph states conclusions of law rather than allegations of fact, except admit that Exhibit A of the Complaint appears to be a Decree Appointing Alexey Tarasov Ancillary Administrator of the Estate of Evgeniy Lagoda.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

## ANSWERING THE
## SECOND CAUSE OF ACTION FOR PAIN AND SUFFERING

77.     In response to paragraph "77" of the Complaint, Defendants reiterate and re-allege each and every response contained in paragraphs "1" through "76" of their Answer as if fully set forth herein.

78.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Complaint.

79.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Complaint.

## ANSWERING THE
## THIRD CAUSE OF ACTION FOR *CANTON* LIABILITY

80.     In response to paragraph "80" of the Complaint, Defendants reiterate and re-allege each and every response contained in paragraphs "1" through "79" of their Answer as if fully set forth herein.

81.     Defendants deny the allegations contained in paragraph "81" of the Complaint and respectfully refer all questions of law to the Court.

82.     Defendants deny the allegations contained in paragraph "82" of the Complaint in the form alleged, except admit that Port Authority police officers make arrests, and respectfully refer all questions of law to the Court.

83.     Defendants deny the allegations contained in paragraph "83" of the Complaint.

84.     Defendants deny the allegations contained in paragraph "84" of the Complaint.

85.     Defendants deny the allegations contained in paragraph "85" of the Complaint.

-10-

86.     Defendants deny the allegations contained in paragraph "86" of the Complaint.

87.     Defendants deny the allegations contained in paragraph "87" of the Complaint.

88.     Defendants deny the allegations contained in paragraph "88" of the Complaint.

89.     Defendants deny the allegations contained in paragraph "89" of the Complaint and respectfully refer all questions of law to the Court.

90.     Defendants deny the allegations contained in paragraph "90" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That Port Authority, by and through its employees as sworn police officers of the State of New York, acted in good faith and therefore, no cause of action lies against the Port Authority and/or its employees in the conduct of their duties as sworn police officers in the State of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Port Authority cannot be held liable on a theory of *respondeat superior* for claims brought under 42 U.S.C. § 1983.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any action taken by Port Authority police officers was justified under the circumstances, and necessary and reasonable under the laws of the State of New York and the United States.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The use of force, if any, by Port Authority police officers was justified under the circumstances, and necessary and reasonable under the laws of the United States and the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Port Authority police officers enjoy a qualified immunity with respect to those acts that they perform pursuant to their duties and responsibilities as police officers in the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The alleged incidents and any damages sustained by Plaintiffs were caused in whole or in part by decedent's conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

That if Plaintiff failed to timely bring the within action, then his claims are barred by the applicable statute or statutes of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against the Port Authority.

### RESERVATION OF DEFENSES AND OBJECTIONS

Defendants hereby reserve the right to interpose such other defenses and objections as continuing investigation and discovery may disclose.

### JURY DEMAND

Defendants hereby demand a trial by jury on all issues.

-12-

**WHEREFORE**, Defendants demand judgment dismissing the Complaint and all claims therein, together with costs, disbursements and attorney's fees incurred by them in defense of this action, and such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          July 28, 2021

Yours etc.

PORT AUTHORITY LAW
DEPARTMENT
*Attorneys for Defendants, Port Authority of New York and New Jersey, PAPD Police Officers Michael Bugiada, PAPD Officer Robert Joseph, PAPD Officer Jonathan Papia, PAPD Officer Paul Mezzacappa, and PAPD Officer Jonathan Duran*

By: */s/ Cheryl N. Alterman*
    Cheryl Alterman, Esq.
    4 World Trade Center
    150 Greenwich Street, 24th Floor
    New York, NY 10007
    Telephone: (212) 435-3431

-13-