# EXHIBIT G

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 2 of 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
ALEXEY V. TARASOV, ESQ., Administrator of the
ESTATE OF EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,                                    Index No. 153490/2021

                Plaintiff,                  **NOTICE OF MOTION**

      -against-

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, and PORT AUTHORITY OF NEW YORK AND
NEW JERSEY POLICE DEPARTMENT a/k/a PORT
AUTHORITY POLICE DEPARTMENT a/k/a PAPD,

               Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| MOTION BY: | Defendant, Port Authority of New York and New Jersey. |
| DATE, TIME & PLACE OF HEARING: | On the 25th day of June 2021, in New York County Supreme Court, 60 Centre Street, New York, NY, Motion Submission Part Courtroom (Room 130) at 9:30 AM or as soon thereafter as counsel can be heard. |
| SUPPORTING PAPERS: | Memorandum of Law and the Affirmation of Cheryl Alterman, Esq., affirmed on the 9th day of June 2021, the exhibits attached thereto. |
| RELIEF REQUESTED: | An Order pursuant to C.P.L.R. §§ 3211(a)(2) & (7) dismissing the Plaintiffs' Complaint with prejudice and granting Defendant, Port Authority of New York and New Jersey, an extension of time to answer Plaintiffs' Complaint until 30 days following Notice of Entry of the Court's Order concerning the instant motion. |
| ANSWERING AFFIDAVITS: | Pursuant to C.P.L.R. § 2214(b), answering papers, if any, are to be served at least seven (7) days prior to the return date of this motion. |

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 3 of 47

Dated:  New York, New York
          June 9, 2021

Respectfully submitted,

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendant*
*Port Authority of New York and New Jersey*

By:  _____

Cheryl Alterman, Esq.
Matthew Malysa, Esq.
4 World Trade Center, 24th Floor
150 Greenwich Street
New York, New York 10007
(212) 435-3431


To:    Marianna Moliver, Esq.
       Moliver Law LLC
       494 Eighth Avenue, 7th Floor
       New York, New York 10001

       Michael J., Sullivan, Esq.
       J. Christopher Amrhein, Jr., Esq.
       Ashcroft Law Firm
       200 State Street, 7th Floor
       Boston, Massachusetts 02109

       ***Pro Hoc Vice Admission Pending***

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 3 of 47

2

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 4 of 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

ALEXEY V. TARASOV, ESQ., Administrator of the
ESTATE OF EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                      Plaintiff,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, and PORT AUTHORITY OF NEW YORK AND
NEW JERSEY POLICE DEPARTMENT a/k/a PORT
AUTHORITY POLICE DEPARTMENT a/k/a PAPD,

                      Defendants.

------------------------------------------------------------------------X

Index No.: 153490/2021

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' STATE LAW CLAIMS**

**PORT AUTHORITY LAW DEPARTMENT**

Cheryl Alterman, Esq.
Matthew Malysa, Esq.
4 World Center, 24th Floor
150 Greenwich Street
New York, New York 10007
(212) 435-3431

*Attorneys for Defendant*
*Port Authority of New York and New Jersey*

## PRELIMINARY STATEMENT

On April 12, 2019, Evgeniy Lagoda experienced a seizure onboard a flight that arrived at John F. Kennedy International Airport. The Port Authority Police Department[1] was summoned to the scene and, soon thereafter, Mr. Lagoda unfortunately passed away. The Port Authority has now been sued, based on an April 7, 2021 Notice of Claim and an April 9, 2021 Complaint. The Complaint raises a federal law claim and two state law claims.

Given the timeline set out above, the Port Authority hereby moves to dismiss the state law claims.

## LEGAL ARGUMENT

The Port Authority was for decades immune from suit on sovereign immunity grounds. *See, e.g., Trippe v Port of New York Auth.*, 14 NY2d 119, 123 [1964]. But the legislature lifted the Port Authority's immunity subject to the condition that, among other things, all lawsuits must be preceded by the filing of a notice of claim at least 60 days before the suit is initiated. *See* Uncons Laws §§7101-7112. In addition, all lawsuits must be filed within one year of claim accrual. *See id*. Compliance with these conditions is strict and jurisdictional; the law on this point is crystal clear and deeply established --- even the Port Authority may not waive compliance with the jurisdictional prerequisites to filing a lawsuit. *See infra*.

Here, the Notice of Claim was filed two days before the Complaint. Not the requisite 60 days. And nearly two years elapsed between the death of Mr. Lagoda and the filing of this lawsuit. Plaintiffs' failure to timely serve a Notice of Claim and to timely commence this action divests this Court of subject matter jurisdiction over the two state law claims. *See Belpasso v Port Auth.*, 103 AD3d 562, 562 [1st Dept 2013] ("Absent compliance with the notice of claim requirement,

---

[1] The Port Authority Police Department does not exist as a separate entity that is subject to suit.

the court lacks subject matter jurisdiction."); *accord, e.g., Yonkers Contr. Co., Inc. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 379 [1999] ("The legislative intent to condition the waiver of sovereign immunity with respect to the Port Authority on timely suit could not be more clear."); *Patel v Port Auth.*, 184 AD2d 235, 236 [1st Dept 1992] ("[A] court may not waive jurisdictional defects in the service of a notice of claim in the absence of statutory authority . . . ."); *Luciano v Fanberg Realty Co.*, 102 AD2d 94, 95 [1st Dept 1984] (notice of claim is a "jurisdictional condition[]" and holding that "[s]ince the filing of a notice of claim upon the Port Authority is a condition precedent to suit, and the applicable statute does not provide an exception in the circumstances presented, Special Term lacked the power to waive compliance.").[2]

It is true that a New York statute, Section 7108 of the Unconsolidated Laws, creates a narrow exception that allows for the strict jurisdictional conditions precedent to lawsuits against the Port Authority to be potentially relaxed to an extent in wrongful death cases.[3] But to seek to

---

[2] For additional authority, see: *City of New York v Port Auth.*, 284 AD2d 195, 195 [1st Dept 2001]; *Lyons v Port Auth.*, 228 AD2d 250, 251 [1st Dept 1996]; *Conn v Tutor Perini Corp.*, 174 AD3d 680, 681-82 [2d Dept 2019]; *Dibenedetto v Port Auth.*, 2020 N.Y. Slip Op. 32964[U], at *2 [N.Y. Sup. Ct. New York County 2020]; *Murray v The Port Auth. of New York*, No. 157168/2019, 2020 WL 228331, at *2 [N.Y. Sup. Ct. New York County 2020]; *Lambco Erecting Co., Inc. v Port Auth.*, 2014 N.Y. Slip Op. 32427[U], at *8 [N.Y. Sup. Ct. New York County 2014]. Actual notice, it should be noted, is not the standard, and strict compliance with the Notice of Claim requirements is mandatory. *See, e.g., City of New York*, 284 AD2d at 195 (affirming dismissal for failure to comply with § 7108 because "substantial compliance is insufficient"). And "[t]he fact that the Port Authority may not have been prejudiced by plaintiff's failure to comply with the statute is immaterial, since the requirement is jurisdictional and must be strictly construed." *Lyons*, 228 AD2d at 251; *see also*; *Aegis Ins. Services, Inc. v The Port Auth.*, 435 Fed Appx 18, 26 [2d Cir 2011] (compliance with the statute "is a jurisdictional prerequisite to suit against the Port Authority. Failure to comply is not excused by the fact that it causes Port Authority no harm.").

[3] Section 7108 provides "…where a person entitled to make a claim dies and by reason of his death no notice of claim is filed or suit, action or proceeding commenced within the time specified . . . then any court in which such suit, action or proceeding may be brought may in its discretion grant leave to serve the notice of claim and to commence the suit, action or proceeding within a reasonable time but in any event within three years after the cause of action accrued. Application for such leave must be made upon an affidavit showing the particular facts which caused the delay and shall be accompanied by a copy of the proposed notice of claim if such notice has not been served, and such application shall be made only upon notice to the port authority."

take advantage of the referenced Section 7108 exception a plaintiff "must" seek leave of Court, and "must" do so based on a detailed affidavit. *See* note 3. None of that has happened here. *See, e.g., Megrant Properties, Inc. v Port Auth.*, 191 Misc 2d 334, 337 [Sup Ct 2002] ("[F]ailure to serve a notice of claim that was sworn to is fatal by reason of the provisions of § 7108 and the lack of the authority on the part of the court to excuse the failure."); *see also Belpasso*, 103 AD3d at 562; *Yonkers Contr. Co., Inc.*, 93 NY2d at 379; *Patel*, 184 AD2d at 236 ("[A] court may not waive jurisdictional defects in the service of a notice of claim in the absence of statutory authority . . . ."); *Luciano*, 102 AD2d at 95 ("[s]ince the filing of a notice of claim upon the Port Authority is a condition precedent to suit, and the applicable statute does not provide an exception in the circumstances presented, Special Term lacked the power to waive compliance.").

Accordingly, the exception cannot by its terms apply and the Court is without jurisdiction over the state law claims. They must be dismissed with prejudice.

## CONCLUSION

The Port Authority respectfully requests that this Court grant its motion dismiss Plaintiffs' state law claims and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
         June 9, 2021

                                        Respectfully submitted,

                                        PORT AUTHORITY LAW DEPARTMENT
                                        *Attorneys for Defendant*
                                        *Port Authority of New York and New Jersey*

                              By:    _____
                                        Cheryl Alterman, Esq.
                                        Matthew Malysa, Esq.
                                        4 World Center, 24th Floor
                                        150 Greenwich Street
                                        New York, New York 10007
                                        (212) 435-3431

Case 1:21-cv-06226-NRB   Document 75-7   Filed 03/28/25   Page 8 of 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
ALEXEY V. TARASOV, ESQ., Administrator of the
ESTATE OF EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                    Plaintiff,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, and PORT AUTHORITY OF NEW YORK AND
NEW JERSEY POLICE DEPARTMENT a/k/a PORT
AUTHORITY POLICE DEPARTMENT a/k/a PAPD,

                    Defendants.
------------------------------------------------------------------------X

Index No. 153490/2021

**AFFIRMATION IN SUPPORT OF THE PORT AUTHORITY'S MOTION TO DISMISS**

    **MATTHEW MALYSA**, an attorney duly admitted to practice before this Court affirms pursuant to CPLR 2106 the following upon penalty of perjury:

    1.    I am an attorney for the Port Authority of New York and New Jersey ("Port Authority"), and I am familiar with the facts and circumstances of this action having reviewed the records and files in my possession.

    2.    I submit this affirmation in support of the Port Authority's Motion for an Order dismissing the state law claims asserted in Plaintiffs' Complaint pursuant to CPLR 3211 (a) (2) and (a) (7), on the grounds that this Court lacks subject matter jurisdiction over these causes of action and that the state law claims asserted by Plaintiffs fail to state a cause of action against the Port Authority to the extent Plaintiffs have failed to comply with the conditions precedent set forth in McKinney's Uncons Laws of N.Y. § 7107 requiring: (1) a notice of claim to be served at least 60 days before the commencement of an action against the Port Authority; (2) any action against the Port Authority to be commenced within one year of its accrual.

Case 1:21-cv-06226-NRB   Document 75-7   Filed 03/28/25   Page 9 of 47

3.      The Port Authority also respectfully requests an Order granting the Port Authority an extension of time to answer Plaintiffs' Complaint until 30 days following Notice of Entry of the Court's Order concerning the instant motion.

## BACKGROUND

4.      The basis for this lawsuit stems from an incident on April 12, 2019 onboard Jet Blue Flight 659, at John F. Kennedy International Airport ("JFK"). Evgeniy Lagoda (hereinafter "Mr. Lagoda"), a 39-year-old, Russian citizen, traveling from Moscow, Russia to Kingston, Jamaica, experienced a seizure while onboard the aircraft.

5.      The Port Authority Police Department[1] was summoned to the scene and, soon thereafter, Mr. Lagoda unfortunately passed away.

## PROCEDURAL HISTORY

6.      On April 7, 2021, Plaintiffs, Alexey V. Tarasov, Esq., Administrator of the Estate of Evgeniy Lagoda, and Grigory Tikhoplav, served the Port Authority with a document purporting to be a Notice of Claim seeking monetary damages for claims sounding in wrongful death. *See* Notice of Claim annexed hereto as Exhibit A**.**

7.      On April 9, 2021, Plaintiffs commenced this action against the Port Authority by filing the Summons and Complaint with the Court. *See* Summons and Complaint annexed hereto as Exhibit B.

8.      Here, the Notice of Claim was filed two days before the Complaint. Not the requisite 60 days. And nearly two years elapsed between the death of Mr. Lagoda and the filing of this lawsuit. Plaintiffs' failure to timely serve a notice of claim and to timely commence this action divests this Court of subject matter jurisdiction over the two state law claims. *See Belpasso*

---

[1] The Port Authority Police Department does not exist as a separate entity that is subject to suit.

2

*v Port Auth.*, 103 AD3d 562, 562 [1st Dept 2013] ("Absent compliance with the notice of claim requirement, the court lacks subject matter jurisdiction."); *accord, e.g., Yonkers Contr. Co., Inc. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 379 [1999] ("The legislative intent to condition the waiver of sovereign immunity with respect to the Port Authority on timely suit could not be more clear."); *Patel v Port Auth.*, 184 AD2d 235, 236 [1st Dept 1992] ("[A] court may not waive jurisdictional defects in the service of a notice of claim in the absence of statutory authority . . . ."); *Luciano v Fanberg Realty Co.*, 102 AD2d 94, 95 [1st Dept 1984] (notice of claim is a "jurisdictional condition[]" and holding that "[s]ince the filing of a notice of claim upon the Port Authority is a condition precedent to suit, and the applicable statute does not provide an exception in the circumstances presented, Special Term lacked the power to waive compliance.").

9.      Therefore, this Court lacks subject matter jurisdiction and Plaintiffs' state law claims must be dismissed with prejudice.

**WHEREFORE**, the Port Authority respectfully requests that its motion for an Order dismissing the state law claims asserted in Plaintiffs' Complaint pursuant to CPLR 3211 (a) (2) and (a) (7), on the grounds that this Court lacks subject matter jurisdiction over these causes of action and that the state law claims asserted by Plaintiffs fail to state a cause of action against the Port Authority to the extent Plaintiffs have failed to comply with the conditions precedent set forth in McKinney's Uncons Laws of N.Y. § 7107 be granted in full, and that this Court grant such further relief as it may deem just and proper.

3

Dated: New York, New York
      June 9, 2021

Respectfully submitted,

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendant*
*Port Authority of New York and New Jersey*

By:

Matthew Malysa, Esq.
4 World Trade Center, 24th Floor
150 Greenwich Street
New York, New York 10007
(212) 435-3431

4

# EXHIBIT A

# State of New York

In the Matter of the Claim of

Alexey V. Tarasov, Esq., Administrator of the Estate
of Evgeniy Lagoda, and Grigory Tikhoplav,

Claimants,

-against-

Port Authority of New York and New Jersey,
Port Authority of New York and New Jersey Police
Department a/k/a Port Authority Police Department
a/k/a PAPD,

Defendants.

## Notice of Claim



TO:    Port Authority of New York and New Jersey Police Department, 4 World Trade Center,

150 Greenwich Street, 24th Floor, New York, NY 10007.

PLEASE TAKE **NOTICE** that Alexey V. Tarasov, Esq., as Administrator of the Estate of

Evgeniy Lagoda, and Grigory Tikhoplav, by and through undersigned counsel, pursuant to N.Y.

Gen. Mun. Law § 50-e (McKinney), hereby make **claim** and demand against Port Authority of

New York and New Jersey Police Department, et al., and state as follows:

### Claimants

Alexey V. Tarasov, Esq., as Administrator of the Estate of Evgeniy Lagoda, 5211 Reading Road,
Rosenberg, Texas 77471.

Grigory Tikhoplav, 38 Blagoev St., Unit 37, Krasnodar, Russia 350065.

### Claimants' Attorneys

Michael J. Sullivan, Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

J. Christopher Amrhein, Jr., Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

Marianna Moliver, Moliver Law, 494 Eighth Avenue, 7th Floor, New York, NY 10001.

1

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 14 of 47

## Date of Loss

Date of Birth of Decedent:          ▉▉▉▉▉▉▉
Date of Death of Decedent:      April 12, 2019
Date of Subject Incident:      April 12, 2019

## Statement of Claim

On April 12, 2019, the decedent, Evgeniy Lagoda, a 39-year-old Russian sailor, experienced a seizure abord a taxiing Jet Blue flight from John F. Kennedy Airport ("JFK") to Kingston, Jamaica. Mr. Lagoda was not provided medical care after experiencing the seizure. Instead, once the aircraft arrived back to the gate, multiple police officers from the Port Authority of New York and New Jersey Police Department ("PAPD") boarded the airplane and exerted force against Mr. Lagoda in an attempt to restrain him. At some time during the altercation, Mr. Lagoda went into cardiac arrest. The actions of PAPD agents further resulted in a significant delay in the arrival of medical personnel to the aircraft. Under current PAPD guidelines, emergency vehicles, including ambulances and fire trucks, that respond to calls for service on the Air Operations Area at JFK are instructed to stand by at a designated location to await a PAPD escort to the emergency location. When the ambulance dispatched to respond to Mr. Lagoda's seizure arrived at the standby location, no officers were present to escort them to the aircraft—apparently because all available officers rushed to the aircraft. Once the medics arrived, Mr. Lagoda was found to be unresponsive and in cardiac arrest. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

## Wrongful Conduct

The conduct by the PAPD officers constituted excessive and deadly force. The use of such force against a medically vulnerable individual coming out of a seizure constitutes excessive force

in violation of the Fourth Amendment. The PAPD officers' use of force against Mr. Lagoda was objectively unreasonable and violated clearly established law.

The Port Authority of New York and New Jersey ("Port Authority") had final policymaking authority with regard to establishing written policies and training programs governing the conduct of PAPD officers' performing policing functions on behalf of the Port Authority. The Port Authority established and/or approved of PAPD's written policies and training governing the conduct of PAPD officers' performing policing functions. On or prior to April 12, 2019, the Port Authority and the PAPD, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the handcuffing and restraint process. The unconstitutional policies, practices, and customs set out herein were the moving force behind Mr. Lagoda's death.

The Port Authority and the PAPD failed to properly train or modify its training to PAPD officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers. With deliberate indifference to the rights of citizens, travelers, and other men and women, the Port Authority and the PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals experiencing and/or coming out of a seizure. As a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

3

## Preservation of Discoverable Materials

CLAIMANT HEREBY DEMANDS THAT THE DEFENDANTS PRESERVE ALL WRITTEN, HANDWRITTEN, ELECTRONIC, AND/OR DIGITAL DOCUMENTATION, VIDEOS, AND PHOTOGRAPHS PERTAINING TO THE INCIDENT OF APRIL 12, 2019 AND MEDICAL RECORDS OF EVGENIY LAGODA.

## Damages

The decedent, Evgeniy Lagoda, suffered extreme pain and suffering prior to his wrongful death, and ultimately died as a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions.

Claimant Alexey V. Tarasov seeks compensation on behalf of the estate for monetary expenses/losses incurred including, but not limited to, funeral, burial, and medical expenses, all of which are related to the pain and suffering and wrongful death of the decedent.

Claimant Grigory Tikhoplav is the surviving father of the decedent, Evgeniy Lagoda. Claimant Tikhoplav was deprived of the future society, aid, earnings, and comfort of the decedent. Claimant seeks compensation for the untimely wrongful death of the decedent, lost wages, and lost companionship and support.

Damages for the decedent, Evgeniy Lagoda, and his surviving relatives are in an amount that exceeds the statutory monetary jurisdictional limits.

## Compliance with N.Y. Gen. Mun. Law § 50-e (McKinney)

This Notice of Claim is served within 90 days after the appointment of the administrator and within two years of the date of death. *See* N.Y. Gen. Mun. Law § 50-e (McKinney).

4

WHEREFORE, Claimants intend to commence an action on this claim.

Dated:  April 6. 2021

**Respectfully submitted by,**

/s/ Marianna Moliver

Marianna Moliver (NY BBO# 4641817)
Moliver Law
494 Eighth Avenue, 7th Floor,
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm, LLC*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

*Attorneys for Claimants*

Case 1:21-cv-06226-NRB   Document 75-7   Filed 03/28/25   Page 18 of 47

## VERIFICATION

STATE OF OKLAHOMA        ) ss:
COUNTY OF CLEVELAND      )

Alexey V. Tarasov, being duly sworn, deposes and states that deponent is a Claimant in the above action; that deponent has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
Alexey V. Tarasov, Esq.

Sworn to before me this __6__ day
of __April__, 2021.

_____
Notary Public, State of Oklahoma

VALERIY A. TARASOV
NOTARY
No. 17009841
Expires Oct. 25, 2021
PUBLIC
STATE OF OKLAHOMA

6

Case 1:21-cv-06226-NRB    Document 75-7    Filed 03/28/25    Page 19 of 47

## State of New York

|  |
|---|
| In the Matter of the Claim of<br><br>Alexey V. Tarasov, Esq., Administrator of the Estate of Evgeniy Lagoda, and Grigory Tikhoplav,<br><br>Claimants,<br><br>-against-<br><br>Port Authority of New York and New Jersey,<br>Port Authority of New York and New Jersey Police Department a/k/a Port Authority Police Department a/k/a PAPD,<br><br>Defendants. |

## Notice of Claim

TO:    Port Authority of New York and New Jersey, 4 World Trade Center, 150 Greenwich Street, 24th Floor, New York, NY 10007.

PLEASE TAKE **NOTICE** that Alexey V. Tarasov, Esq., as Administrator of the Estate of Evgeniy Lagoda, and Grigory Tikhoplav, by and through undersigned counsel, pursuant to N.Y. Gen. Mun. Law § 50-e (McKinney), hereby make **claim** and demand against Port Authority of New York and New Jersey, et al., and state as follows:

### Claimants

Alexey V. Tarasov, Esq., as Administrator of the Estate of Evgeniy Lagoda, 5211 Reading Road, Rosenberg, Texas 77471.

Grigory Tikhoplav, 38 Blagoev St., Unit 37, Krasnodar, Russia 350065.

### Claimants' Attorneys

Michael J. Sullivan, Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

J. Christopher Amrhein, Jr., Ashcroft Law Firm, 200 State Street, 7th Floor, Boston, MA 02109.

Marianna Moliver, Moliver Law, 494 Eighth Avenue, 7th Floor, New York, NY 10001.

1

**Date of Loss**

Date of Birth of Decedent:        ███████████
Date of Death of Decedent:    April 12, 2019
Date of Subject Incident:      April 12, 2019

**Statement of Claim**

On April 12, 2019, the decedent, Evgeniy Lagoda, a 39-year-old Russian sailor, experienced a seizure abord a taxiing Jet Blue flight from John F. Kennedy Airport ("JFK") to Kingston, Jamaica. Mr. Lagoda was not provided medical care after experiencing the seizure. Instead, once the aircraft arrived back to the gate, multiple police officers from the Port Authority of New York and New Jersey Police Department ("PAPD") boarded the airplane and exerted force against Mr. Lagoda in an attempt to restrain him. At some time during the altercation, Mr. Lagoda went into cardiac arrest. The actions of PAPD agents further resulted in a significant delay in the arrival of medical personnel to the aircraft. Under current PAPD guidelines, emergency vehicles, including ambulances and fire trucks, that respond to calls for service on the Air Operations Area at JFK are instructed to stand by at a designated location to await a PAPD escort to the emergency location. When the ambulance dispatched to respond to Mr. Lagoda's seizure arrived at the standby location, no officers were present to escort them to the aircraft—apparently because all available officers rushed to the aircraft. Once the medics arrived, Mr. Lagoda was found to be unresponsive and in cardiac arrest. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

**Wrongful Conduct**

The conduct by the PAPD officers constituted excessive and deadly force. The use of such force against a medically vulnerable individual coming out of a seizure constitutes excessive force

in violation of the Fourth Amendment. The PAPD officers' use of force against Mr. Lagoda was objectively unreasonable and violated clearly established law.

The Port Authority of New York and New Jersey ("Port Authority") had final policymaking authority with regard to establishing written policies and training programs governing the conduct of PAPD officers' performing policing functions on behalf of the Port Authority. The Port Authority established and/or approved of PAPD's written policies and training governing the conduct of PAPD officers' performing policing functions. On or prior to April 12, 2019, the Port Authority and the PAPD, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, and/or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the handcuffing and restraint process. The unconstitutional policies, practices, and customs set out herein were the moving force behind Mr. Lagoda's death.

The Port Authority and the PAPD failed to properly train or modify its training to PAPD officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers. With deliberate indifference to the rights of citizens, travelers, and other men and women, the Port Authority and the PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals experiencing and/or coming out of a seizure. As a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

## Preservation of Discoverable Materials

CLAIMANT HEREBY DEMANDS THAT THE DEFENDANTS PRESERVE ALL WRITTEN, HANDWRITTEN, ELECTRONIC, AND/OR DIGITAL DOCUMENTATION, VIDEOS, AND PHOTOGRAPHS PERTAINING TO THE INCIDENT OF APRIL 12, 2019 AND MEDICAL RECORDS OF EVGENIY LAGODA.

## Damages

The decedent, Evgeniy Lagoda, suffered extreme pain and suffering prior to his wrongful death, and ultimately died as a direct and proximate result of the Port Authority's, the PAPD's, and PAPD officers' acts and omissions.

Claimant Alexey V. Tarasov seeks compensation on behalf of the estate for monetary expenses/losses incurred including, but not limited to, funeral, burial, and medical expenses, all of which are related to the pain and suffering and wrongful death of the decedent.

Claimant Grigory Tikhoplav is the surviving father of the decedent, Evgeniy Lagoda. Claimant Tikhoplav was deprived of the future society, aid, earnings, and comfort of the decedent. Claimant seeks compensation for the untimely wrongful death of the decedent, lost wages, and lost companionship and support.

Damages for the decedent, Evgeniy Lagoda, and his surviving relatives are in an amount that exceeds the statutory monetary jurisdictional limits.

## Compliance with N.Y. Gen. Mun. Law § 50-e (McKinney)

This Notice of Claim is served within 90 days after the appointment of the administrator and within two years of the date of death. *See* N.Y. Gen. Mun. Law § 50-e (McKinney).

WHEREFORE, Claimants intend to commence an action on this claim.


Dated: April 6, 2021

Respectfully submitted by,

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law
494 Eighth Avenue, 7th Floor,
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm, LLC*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com


*Attorneys for Claimants*

Case 1:21-cv-06226-NRB Document 75-7 Filed 03/28/25 Page 24 of 47

## VERIFICATION

STATE OF OKLAHOMA ) ss:
COUNTY OF CLEVELAND )

Alexey V. Tarasov, being duly sworn, deposes and states that deponent is a Claimant in the above action; that deponent has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

_____
Alexey V. Tarasov, Esq.

Sworn to before me this 6 day
of April, 2021.

_____
Notary Public, State of Oklahoma

Case 1:21-cv-06226-NRB Document 75-7 Filed 03/28/25 Page 25 of 47

# EXHIBIT B

Case 1:1-cv-04425-NRB Document 25-1 Filed 18/28/25 Page 26 of 47
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/09/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
ESTATE OF EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                          Plaintiffs,

       -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD,

                                         Defendants.

-------------------------------------------------------------------------- x

**SUMMONS**

Index No: _____

PORT AUTHORITY OF NY & NJ
OFFICE OF THE SECRETARY

2021 APR 20 A 10 31

TO THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE
DEPARTMENT,

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the
complaint of the plaintiffs herein and to serve a copy of your answer to plaintiffs' attorney at the
address indicated below within twenty (20) days after the service of this Summons (not counting
the day of service itself), or within thirty (30) days after service is complete if the Summons is not
delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered
against you by default for the relief demanded in the complaint.

Plaintiffs designate New York County as the place of Trial.

Dated: April 9, 2021

                           **Respectfully submitted by,**

                           /s/ Marianna Moliver
                           Marianna Moliver (NY BBO# 4641817)
                           Moliver Law LLC
                           494 Eighth Avenue, 7th Floor
                           New York, NY 10001
                           marianna@moliverlaw.com

                           Michael J. Sullivan (MA BBO# 487210)

3

Case 1:21-cv-06226-NRB   Document 75-1   Filed 03/28/25   Page 27 of 47

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:29 PM

NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 04/09/2021

J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

**Pro Hac Vice Admission Pending**

*Attorneys for Plaintiffs*

Port Authority of New York and New Jersey Police Department's Address:

4 World Trade Center, 150 Greenwich Street, 24th Floor, New York, NY 10007

4

FILED: NEW YORK COUNTY CLERK 04/09/2021
Case 1:25-cv-00426-NRB Document 25 Filed 03/28/25 Page 28 of 47
153490/2021
RECEIVED NYSCEF: 04/09/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
ESTATE OF EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                   Plaintiffs,

       -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD,

                                   Defendants.

------------------------------------------------------------------------- x

**COMPLAINT**

Index No: _____

PORT AUTHORITY OF NY & NJ
OFFICE OF THE SECRETARY

2021 APR 20 A 10: 31

## PARTIES

1.     Plaintiff Alexey V. Tarasov ("Tarasov") resides in Fort Bend County, Texas, and is an attorney duly licensed to practice in the states of Texas, Oklahoma, and New York, including this Honorable Court. On January 8, 2021, Mr. Tarasov was appointed as the Administrator of the Estate of Evgeniy Lagoda, deceased, by the Surrogate's Court of the State of New York, Queens County. *See* Exhibit A.

2.     At all times relevant herein and until the time of his death on April 12, 2019, decedent Evgeniy Lagoda ("Mr. Lagoda" or "Lagoda") was a citizen of Russia, residing in the city of Krasnodar. Mr. Lagoda is survived by next of kin including his minor child and his parents.

3.     Plaintiff Grigory Tikhoplav is the father of Mr. Lagoda and is a citizen of Russia, residing in the city of Krasnodar.

4.     Defendant Port Authority of New York and New Jersey ("Port Authority") is and was at all times relevant herein a governmental entity created and authorized under the laws of the

1

States of New York and New Jersey. The Port Authority has its principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007. The Port Authority is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

5.      Defendant Port Authority of New York and New Jersey Police Department a/k/a Port Authority Police Department a/k/a PAPD ("PAPD") is the law enforcement agency of the Port Authority. The PAPD has precincts located across New York, NY.

## SERVICE OF NOTICE OF CLAIM

6.      Plaintiffs served the Port Authority with a Notice of Claim on April 7, 2021— within 90 days after the appointment of Tarasov as Administrator of the Estate of Evgeniy Lagoda, deceased. *See* N.Y. Gen. Mun. Law § 50-e (McKinney). *See* Exhibit B (Affidavit of Service upon Port Authority).

7.      Plaintiffs served the PAPD with a Notice of Claim on April 7, 2021—within 90 days after the appointment of Tarasov as Administrator of the Estate of Evgeniy Lagoda, deceased. *See* N.Y. Gen. Mun. Law § 50-e (McKinney). *See* Exhibit C (Affidavit of Service upon PAPD).

## JURISDICTION AND VENUE

8.      This court has jurisdiction over Plaintiffs' claims because the events leading to this action occurred within New York and Defendants Port Authority and PAPD are residents of New York.

9.      Venue is proper in New York County because any county that lies wholly or partially within the Port of New York District is appropriate. *See Rodriguez v. Port Auth. of New York & New Jersey*, 293 A.D.2d 325, 325 (2002) ("Even though the allegedly wrongful death took place at JFK International Airport, in Queens County, venue is properly lodged, in an action

2

Case 1:21-cv-06226-NRB Document 25-1 Filed 03/28/25 Page 30 of 47

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:02:23 PM
INDEX NO. 153490/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/09/2021

against the Port Authority, in the Bronx or any other county that lies wholly or partially within the Port of New York district (McKinney's Uncons. Laws of N.Y. § 7106)."). These counties include New York (Manhattan), Kings (Brooklyn), Bronx, Queens, and Richmond (Staten Island), as well as Nassau, Rockland, and Westchester. *See Overview of Facilities and Services*, The Port Authority of New York & New Jersey, https://old.panynj.gov/about/facilities-services.html (last visited April 7, 2021).

## STATEMENT OF FACTS

### *Evgeniy Lagoda's Seizure and Disoriented Mental State*

10. On April 12, 2019, 39-year-old Russian national Evgeniy Lagoda was traveling by air from Moscow, via JFK International Airport ("JFKIA"), to Kingston, Jamaica, where he was set to join the crew of a tanker ship as an engineer.

11. Upon information and belief, Mr. Lagoda boarded the JetBlue aircraft at JFKIA at approximately 9:30 PM and sat in an aisle seat in the second-to-last row of seats.

12. At approximately 10:00 PM, as the aircraft was taxiing away toward the runway, Mr. Lagoda began to have a seizure.

13. Upon information and belief, nearby passengers witnessed Mr. Lagoda's seizure and called for help. Two male flight attendants responded immediately, while a third flight attendant called for medical assistance over a loudspeaker and alerted the pilots of the emergency.

14. Upon information and belief, three female nurses—all passengers on the flight—made their way to the rear of the aircraft.

15. Upon information and belief, a nurse directed the flight attendants to lift Mr. Lagoda from his seat, carry him into the rear of the plane, and lay him on the floor on his side with pillows and blankets placed under his head.

3

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:23 PM INDEX NO. 153490/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/09/2021

16.    At this point, Mr. Lagoda was still experiencing his seizure.

17.    Upon information and belief, the nurses and flight attendants made sure that Mr. Lagoda did not strike his head on the ground, seats, doors, walls, or any other surface.

18.    The seizure began to subside after several minutes of convulsions and bleeding from the mouth.  Nevertheless, it was clear that Mr. Lagoda was still disoriented.

19.    Upon information and belief, Mr. Lagoda remained silent when flight attendants and nurses attempted to explain to him what had happened. They were unaware that Mr. Lagoda neither spoke nor understood the English language.

20.    Mr. Lagoda was noticeably disoriented, sweating profusely, and his eyes were blank.

21.    Upon information and belief, Mr. Lagoda, saying nothing, got to his feet.

22.    Upon information and belief, a male flight attendant stepped in front of Mr. Lagoda and urged, in English, Mr. Lagoda to calm down, unaware of Mr. Lagoda's inability to understand or speak English.

23.    It was around this time that a Russian colleague of Mr. Lagoda appeared at the rear of the aircraft.  Speaking Mr. Lagoda's native tongue, the colleague tried to calm Mr. Lagoda.

24.    Mr. Lagoda remained disoriented.

### *PAPD's Response, Physical Harm, and Handcuffing*

25.    At nearly 10:30 PM, the pilots returned to the terminal.

26.    Upon return and opening of the doors at the gate, the first of many PAPD officers rushed onto the aircraft.

27.    A PAPD officer ("First Responding Officer") was dispatched to the scene, responding to a radio call regarding a male having a seizure onboard a docked JetBlue plane.

4

28. As the First Responding Officer made his way to the gate, Emergency Medical Services ("EMS"), upon information and belief, was also alerted to the emergency and additional PAPD officers were instructed to escort the ambulance to the aircraft.

29. Upon boarding, the First Responding Officer was directed to the rear of the plane. By the time he reached the rear, a disoriented Mr. Lagoda was standing.

30. Upon information and belief, a flight attendant told the First Responding Officer that Mr. Lagoda was disoriented and combative after suffering a seizure.

31. Upon information and belief, the First Responding Officer stated, in English, to Mr. Lagoda that he had just had a seizure and instructed, in English, him to calm down.

32. A disoriented and non-English speaking Mr. Lagoda, upon information and belief, failed to comply with the instructions.

33. Upon information and belief, the First Responding Officer pepper sprayed the disoriented Mr. Lagoda in response.

34. Upon information and belief, in response, the First Responding Officer punched a disoriented Mr. Lagoda in the face with his fist, knocking Lagoda to the ground.

35. Upon information and belief, the First Responding Officer delivered and landed one-to-several blows to Mr. Lagoda before knocking him to the ground.

36. Upon information and belief, the First Responding Officer began his efforts to handcuff a disoriented Mr. Lagoda now that Lagoda was on the ground.

37. Upon information and belief, the First Responding Officer struggled to successfully handcuff Mr. Lagoda and, amidst the struggle, ended up on top of Mr. Lagoda—who was on his back—and straddling Mr. Lagoda's chest and torso.

5

Case 1:cv-00426-NRB Document 75-21 Filed 03/28/25 Page 33 of 47

INDEX NO. 153490/2021
RECEIVED NYSCEF: 06/09/2021

38. Upon information and belief, a disoriented Mr. Lagoda was punched several times by the First Responding Officer after Mr. Lagoda was not responsive to the First Responding Officer's orders, which again were given in English.

39. Upon information and belief, at some point during the struggle the First Responding Officer called for backup.

40. Upon information and belief, the First Responding Officer flipped Mr. Lagoda onto his stomach, and proceeded to punch a disoriented, non-English-speaking-or-understanding Mr. Lagoda several more times in the face in an effort to get him to comply with English orders.

41. Upon information and belief, the First Responding Officer laid on top of Mr. Lagoda, who was still flat on his stomach.

42. Upon information and belief, approximately four additional PAPD officers arrived aboard the plane and began to aid the First Responding Officer in restraining Mr. Lagoda.

43. Upon information and belief, the additional PAPD officers witnessed the First Responding Officer on top of Mr. Lagoda before attempting to aid the Officer.

44. Upon information and belief, the First Responding Officer and the additional PAPD officers furthered their efforts to handcuff and restrain a disoriented Mr. Lagoda, each grabbing an individual limb (i.e., one grabs right leg, one grabs right arm, etc.) while another additional PAPD officer forcefully applied pressure with a baton.

45. Mr. Lagoda was ultimately restrained by the PAPD.

46. Upon information and belief, the additional officers punched a disoriented and restrained Mr. Lagoda several times.

6.

Case 1:21-cv-06226-NRB Document 26-1 Filed 03/28/25 Page 34 of 47
RECEIVED NYSCEF: 04/09/2021

## *Evgeniy Lagoda's Death*

47. After Mr. Lagoda suffered a seizure, was convulsing and bleeding from the mouth, overcame the seizure, remained disoriented from the seizure, was pepper sprayed, punched, sat on, punched some more, and was restrained, the PAPD eventually rolled Mr. Lagoda onto his side and subsequently noticed that the side of Mr. Lagoda's neck was turning blue.

48. Upon information and belief, a PAPD officer then checked for a pulse and found none.

49. Upon information and belief, PAPD officers removed the handcuffs, placed Mr. Lagoda on his back, and attempted Cardiopulmonary Resuscitation, commonly known as CPR; attempts were unsuccessful.

50. Upon information and belief, PAPD officers also attempted to resuscitate Mr. Lagoda using an Automated External Defibrillator ("AED"); the AED was connected to Mr. Lagoda, but the device detected no heartbeat, which is necessary to trigger a shock.

51. Upon information and belief, EMS, Emergency Medical Technicians ("EMTs"), and an ambulance had from the beginning been aware of PAPD's call to respond to the man suffering a seizure aboard an aircraft, but were waiting for the required police escort.

52. Upon information and belief, at least one of the approximately four additional PAPD officers who boarded the plane and aided the First Responding Officer was supposed to— but did not—stay behind and escort the ambulance to the aircraft.

53. Upon information and belief, PAPD officers aboard the aircraft radioed for EMS assistance after discovering Mr. Lagoda did not have a pulse.

54. Upon information and belief, EMS, with police escort, arrived at the aircraft approximately 20 minutes after Mr. Lagoda was discovered to not have a pulse.

7

55. Upon information and belief, EMS was ready and able to arrive—and would have arrived—at the scene in mere minutes after <u>the initial radio call regarding a man aboard a flight having a seizure</u>, not the subsequent radio call by PAPD officers after they punched, sat on, and ultimately found Mr. Lagoda unresponsive.

56. Upon information and belief, EMS was unable to arrive in time to provide medical assistance to a disoriented Mr. Lagoda—who, at that point, had not yet been physically beaten by PAPD officers—because PAPD officers failed to assign one of its responding offers to the role of staying behind for the purposes of escorting EMS to the scene.

57. Upon information and belief, the EMTs boarded the aircraft, found PAPD officers continuing to perform CPR on a non-responsive Mr. Lagoda, and unsuccessfully attempted to use a defibrillator on Mr. Lagoda because, just as before, the device registered no heartbeat.

58. Upon information and belief, the EMTs moved Mr. Lagoda via stretcher to an ambulance and departed for Jamaica (Queens) Hospital.

59. Upon information and belief, EMTs were unable to regain a pulse despite numerous attempts.

60. Upon information and belief, Jamaica Hospital doctors, after several attempts to reestablish cardiac activity, found Mr. Lagoda to be unresponsive.

61. Mr. Lagoda was pronounced dead at 11:35 pm on April 12, 2019.

## AS AND FOR A FIRST CAUSE OF ACTION FOR WRONGFUL DEATH
### (Against Port Authority and PAPD)

62. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 61.

8

Case 1:21-cv-06426-NRB   Document 25-1   Filed 03/28/25   Page 36 of 47

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:29 PM    INDEX NO. 153490/2021
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/09/2021

63.    Mr. Lagoda died on April 12, 2019, as a result of the physical injuries caused by the PAPD.

64.    The PAPD, the law enforcement agency of the Port Authority, committed physical, wrongful, and negligent acts against Mr. Lagoda that were the direct and proximate reason for Lagoda's death.

65.    The PAPD, the law enforcement agency of the Port Authority, was neglectful of Mr. Lagoda's post-seizure condition, and ultimately caused Mr. Lagoda's death.

66.    The PAPD, the law enforcement agency of the Port Authority, committed wrongful acts that would have been actionable if Mr. Lagoda had survived said wrongful acts.

67.    Mr. Lagoda is survived by a minor child and his parents, including Plaintiff Grigory Tikhoplav (together, "Distributees").

68.    The Distributees suffered pecuniary damages, including loss of support, loss of household services, and loss of parental care and guidance.  Additional pecuniary losses include Mr. Lagoda's loss of earnings and the possibility of inheritance from the decedent.

69.    Plaintiff Tarasov was properly appointed as the Administrator of the Estate of Mr. Lagoda, deceased, by the Surrogate's Court of the State of New York, Queens County. *See* Exhibit A.

70.    Plaintiff Tarasov and the Distributees suffered damages in the form of medical expenses and funeral expenses.

71.    Plaintiff Tarasov, the Administrator of the Estate of Mr. Lagoda, deceased, and the Distributees demand money damages having a present value that exceeds the jurisdictional limits of all lower courts.

9

Case 1:21-cv-06226-NRB Document 25-1 Filed 03/28/25 Page 37 of 47

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:29 PM INDEX NO. 153490/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/09/2021

## AS AND FOR A SECOND CAUSE OF ACTION FOR PAIN AND SUFFERING
### (Against Port Authority and PAPD)

72. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 61.

73. Mr. Lagoda suffered conscious pain, suffering, and agony prior to his death.

74. Plaintiff Tarasov, the Administrator of the Estate of Mr. Lagoda, deceased, demands money damages having a present value that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR *CANTON*[1] LIABILITY
### (Against Port Authority and PAPD)

75. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs one through 61.

76. The Port Authority and PAPD failed to properly train or modify its training of PAPD officers, including but not limited to, matters related to the reasonable and appropriate use of force during arrests, and intervention when excessive force is used by fellow officers.

77. Effectuating an arrest, using force to effectuate an arrest, and intervening in the excessive use of force is a usual and recurring situation with which PAPD law enforcement officers and other agents encounter on a regular basis.

78. As such, the Port Authority and PAPD were aware or should have been aware of a need for different training.

---

[1] *City of Canton v. Harris*, 489 U.S. 378 (1989) (imposing liability for indifferent or improper training policies and practices). 42 U.S.C. § 1983 claims are actionable in state court. *Howlett v. Rose*, 496 U.S. 356 (1990) (holding that state courts of general jurisdiction must hear § 1983 claims).

10

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:29 PM
Case 1:21-cv-06426-NRB Document 25-21 Filed 03/24/25 Page 38 of 47 153490/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/09/2021

79. In particular, the Port Authority and PAPD failed to provide adequate training to its officers on the use of force against medically vulnerable individuals coming out of a seizure.

80. The Port Authority and PAPD were therefore deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

81. The Port Authority and PAPD failed to train and/or to appropriately modify training of official policies, practices, or customs.

82. The Port Authority's and PAPD's failure to train and/or to modify training was the cause behind the wrongful acts and neglect the PAPD officers made toward Mr. Lagoda.

83. As a direct and proximate result of the Port Authority's and PAPD's wrongful acts and neglect, Mr. Lagoda suffered injuries, experienced pain and suffering, and ultimately died.

84. Plaintiff Tarasov, Administrator of the Estate of Mr. Lagoda, deceased, is entitled to the recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

85. As a direct and proximate result of these wrongful acts and neglect, Mr. Lagoda's Destributees have suffered pecuniary loss, including medical and funeral expenses, loss of aid, counsel, guidance, advice, assistance, protection, and support in an amount to be determined by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tarasov, as Administrator of the Estate of Evgeniy Lagoda, deceased, and Grigory Tikhoplav demand judgment against the Defendants Port Authority and PAPD pursuant to the First, Second, and Third causes of action, in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with punitive damages, costs, disbursements of this action, and such other relief as this Honorable Court deems just, necessary, and proper.

11

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:20 PM
INDEX NO. 153490/2021

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/09/2021

## JURY TRIAL

Plaintiffs demand a trial by jury of all issues and claims in this action that are so triable.

Dated: April 9, 2021

**Respectfully submitted by,**

/s/ Marianna Moliver
Marianna Moliver (NY BBO# 4641817)
Moliver Law LLC
494 Eighth Avenue, 7th Floor
New York, NY 10001
marianna@moliverlaw.com

Michael J. Sullivan (MA BBO# 487210)
J. Christopher Amrhein, Jr. (MA BBO# 703170)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com

***Pro Hac Vice Admission Pending***

*Attorneys for Plaintiffs*

12

Case 1:21-cv-06226-NRB   Document 26-1   Filed 03/28/25   Page 40 of 47

# Exhibit A

Case RX1-cv-00426-NRB Document 25-21 Filed 03/28/25 Page 41 of 47

At the Surrogates Court of the State of New York

in and for the County of Queens at 88-11

Sutphin Blvd. ,Jamaica NY 11435 on

<u>**January 8, 2021**</u>

<u>PRESENT</u>: HON. PETER J. KELLY, Surrogate.

Ancillary Administration Proceeding in the

Estate of **Evgeniy Lagoda**

a/k/a

DECREE APPOINTING

ANCILLARY ADMINISTRATOR

File No. **2020-4678**

_____ Deceased.

A copy of the record of the proceedings for the Estate of **Evgeniy Lagoda** Deceased, late of the

County Krasnodar of Krasnodar Territory and the Country of Russia, and of the certificates awarded by the

Court of City of Krasnodar within said State, entered the 24th day of October, 2019 granting the heirs

certificates of said Estate, authenticated as prescribed by statute, having been filed in this court on the

3rd day of November, 2020 together with an instrument duly executed by the said heirs authorizing

**Alexey Tarasov** to receive Ancillary Letters of Administration upon the Estate of said deceased, and the

said **Alexey Tarasov** having therewith presented to and filed in this court a verified petition praying for a

decree awarding Ancillary Letters of Administration to **Alexey Tarasov** on said Estate.

Now, on the application of **Alexey Tarasov**, the petitioner herein, the filing of a bond is

dispensed with, a decision having been rendered January 7, 2021, it is hereby,

ORDERED AND DECREED that Ancillary Letters of Administration on the Estate of

**Evegniy Lagoda** deceased, issue to the said **Alexey Tarasov** upon otherwise qualifying according to law,

and it is further

ORDERED AND DECREED that the said Ancillary Administrator is hereby restrained from collecting

or receiving any fund or other property of the said decedent in excess of **$ 0** Dollars without further order

of the Surrogate, made upon the filing of satisfactory security, and it is further

ORDERED AND DECREED that the said Ancillary Administrator is hereby restrained from

collecting or receiving any funds or property of said intestate or from compromising any action which

AA-6 (8/00)

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 04/09/2021

existed in behalf of the decedent, or the enforcement of any judgment recovered therein until the further

order of the Surrogate made upon filing satisfactory security, and it is further

ORDERED AND DECREED that the said Ancillary Administrator is hereby restrained from

compromising any action resulting from a wrongful act, neglect or default causing death of decedent, or

the enforcement of any judgment recovered therein until the further order of the Surrogate Court or the

Court in which the action is pending pursuant to E.P.T.L. 5-4.6, and it is further

ORDERED AND DECREED that none of the property be removed from this State without first

giving the State Tax Commission sufficient evidence to enable it to ascertain the tax due thereon.

Surrogate

AA-6 (8/00)

INDEX NO. 153490/2021
NYSCEF DOC. NO. 1

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:19 PM
Case 1:21-cv-06426-NRB Document 25-1 Filed 08/28/25 Page 43 of 47
153490/2021
RECEIVED NYSCEF: 06/09/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/09/2021

# Exhibit B

FILED: NEW YORK COUNTY CLERK 04/09/2021 04:29 PM    INDEX NO. 153490/2021
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/09/2021

Case 1:21-cv-06226-NRB    Document 75-1    Filed 03/28/25    Page 44 of 47

Attorney: ASHCROFT SULLIVAN LLC

---

ALEXEY V. TARASOV, ESQ., ADMINISTRATOR OF THE ESTATE OF
EVGENIY LAGODA, ETANO

Plaintiff(s)

- against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETANO

Defendant(s)

File # 290.46 (CC)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

CHRISTOPHER J. KLEIN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 7, 2021 at 11:30 AM at

4 WORLD TRADE CENTER
150 GREENWICH STREET, 23RD FLOOR
ATTN: CLAIMS DEPARTMENT
NEW YORK, NY 10007

deponent served the within NOTICE OF CLAIM on PORT AUTHORITY OF NEW YORK AND NEW JERSEY therein named.

BY LEAVING A TRUE COPY WITH SANDRA "S"., SECURITY GUARD, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | BLACK | BROWN | 35 | 5'5 | 140 |

PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on: April 7, 2021

CHRISTOPHER J. KLEIN

License #: 1188546

Invoice #: 762449

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

RALPH J MULLEN
Notary Public, State of New York
No. 01MU6238632
Qualified in Queens County
Commission Expires April 11,2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 - (212) 619-0728 NYCDCA#1102045

FILED: NEW YORK COUNTY CLERK 06/09/2021 04:19 PM
NYSCEF DOC. NO. 20

INDEX NO. 153490/2021
RECEIVED NYSCEF: 06/09/2021

FILED: NEW YORK COUNTY CLERK 04/09/2021
NYSCEF DOC. NO. 1

INDEX NO. 153490/2021
RECEIVED NYSCEF: 04/09/2021

# Exhibit C

Case 1:21-cv-06276-NRB Document 25-21 Filed 08/28/25 Page 46 of 47

ALEXEY V. TARASOV, ESQ., ADMINISTRATOR OF THE ESTATE OF
EVGENIY LAGODA, ETANO

                                                               Plaintiff(s)

- against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ETANO

                                          Defendant(s)

File # 290.46 (CC)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

CHRISTOPHER J. KLEIN BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 7, 2021 at 11:30 AM at

4 WORLD TRADE CENTER
150 GREENWICH STREET, 23RD FLOOR
ATTN: CLAIMS DEPARTMENT
NEW YORK, NY 10007

deponent served the within NOTICE OF CLAIM on PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT A/K/A PORT AUTHORITY POLICE DEPARTMENT A/K/A PAPD therein named.

        BY LEAVING A TRUE COPY WITH SANDRA "S"., SECURITY GUARD, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

        Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|-----------------|-----------------|
| FEMALE | BLACK | BROWN | 35 | 5'5 | 140 |

        PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on: April 7, 2021

| | | |
|---|---|---|
| JOSEPH KNIGHT | RALPH J MULLEN | VINETTA BREWER |
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 01KN6178241 | No. 01MU6238632 | No. 01BR4949206 |
| Qualified In New York County | Qualified in Queens County | Qualified in Bronx County |
| Commission Expires November 26, 2023 | Commission Expires April 11, 2023 | Commission Expires April 3, 2023 |

**CHRISTOPHER J. KLEIN**
License #: 1188546
Invoice #: 762449

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY  10007 - (212) 619-0728  NYCDCA#1102045

FILED: NEW YORK COUNTY CLERK 06/09/2021 04:19 PM
NYSCEF DOC. NO. 1

INDEX NO. 153490/2021
RECEIVED NYSCEF: 04/09/2021

Case 1:21-cv-06246-NRB Document 73-21 Filed 03/28/25 Page 47 of 47

Reset Form

## VERIFICATION

Alexey Tarasov, Esq. **(YOUR NAME)**, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

**[Signature]**

Alexey Tarasov, Esq. **[Printed]**
Plaintiff

Sworn to before me this
____ day of April, 2021

Notary Public

SUMERA BHOJANEE
Notary ID #131945494
My Commission Expires
March 25, 2023