# EXHIBIT CC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEXEY V. TARASOV, ESQ., Administrator of the        Case No.: 21-cv-6226 (NRB)
Estate of EVGENIY LAGODA, Deceased, and
GRIGORY TIKHOPLAV,

                              Plaintiffs,             **DEFENDANTS' FED. R. CIV. P.
                                                     26(a)(2) EXPERT DISCLOSURE OF
        -against-                                    GREGORY I. MAZARIN, M.D.**

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, and PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE DEPARTMENT
a/k/a PORT AUTHORITY POLICE DEPARTMENT
a/k/a PAPD, PAPD OFFICER MICHAEL BUGIADA,
PAPD OFFICER ROBERT JOSEPH, PAPD OFFICER
JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN
DURAN,

                              Defendants.
------------------------------------------------------------------X

        Defendants, Port Authority of New York and New Jersey, (the "Port Authority")[1] , PAPD

Police Officers Michael Bugiada, PAPD Officer Robert Joseph, PAPD Officer Jonathan Papia,

PAPD Officer Paul Mezzacappa, and PAPD Officer Jonathan Duran, (hereinafter referred to

collectively as "Defendants"), make the following expert disclosures pursuant to Rule 26(a)(2):

        **PLEASE TAKE NOTICE**, that annexed hereto is a copy of a report by Gregory I.

Mazarin dated June 7, 2024.

        **PLEASE TAKE FURTHER NOTICE**, that Dr. Mazarin's curriculum vitae is annexed

to his June 7, 2024 report as Exhibit "A".

        **PLEASE TAKE FURTHER NOTICE**, that Defendants reserve the right to call Dr.

Mazarin as an expert witness at the trial of this action.

---

[1] The Port Authority of New York and New Jersey Police Department a/k/a Port Authority Police Department a/k/a
PAPD was also named as Defendant in this matter; however, the Port Authority Police Department does not exist as
a separate entity that is subject to suit.

**PLEASE TAKE FURTHER NOTICE**, that a list of Dr. Mazarin's prior testimony is annexed to his June 7, 2024 report as Exhibit "B".

**PLEASE TAKE FURTHER NOTICE**, that a statement of the compensation for Dr. Mazarin's study and testimony in this case is annexed to his June 7, 2024 report as Exhibit "C".

**PLEASE TAKE FURTHER NOTICE**, that the following material was made available to this expert: (1) All Pleadings; (2) All Discovery Exchanged by the Parties, including all of Plaintiffs' Document Productions, and Defendants' Bates Stamped Documents from PA1 to PA2673; (3) All Deposition Transcripts; and (4) Plaintiffs' Rule 26 Expert Disclosures.

**PLEASE TAKE FURTHER NOTICE**, that the grounds for Dr. Mazarin's opinions include his education, training, experience, and his examination of the records referenced in the June 7, 2024 report.

**PLEASE TAKE FURTHER NOTICE**, that Defendants reserve the right to amend/supplement this expert disclosure.

Dated:    New York, New York
          June 7, 2024

PORT AUTHORITY LAW DEPARTMENT
*Attorneys for Defendants, Port Authority of New York and New Jersey, PAPD Police Officers Michael Bugiada, PAPD Officer Robert Joseph, PAPD Officer Jonathan Papia, PAPD Officer Paul Mezzacappa, and PAPD Officer Jonathan Duran*

By: */s/ Cheryl Alterman*
    Cheryl Alterman, Esq.
    4 World Trade Center
    150 Greenwich Street, 24th Floor
    New York, New York 10007
    Telephone: (212) 435-3431

2

June 7th, 2024

Gregory Mazarin, M.D.
Assistant Professor
Department of Emergency Medicine
Montefiore Medical Center
Albert Einstein College of Medicine

Cheryl Alterman, Esq.
Port Authority of NY & NJ
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007

Re: Tarasov v. Port Authority

Items Reviewed:    Jamaica Hospital
                   Jamaica EMS
                   Attorney General Report
                   Autopsy
                   Paramedic Hodges Interview
                   Paramedic Zender Interview
                   PIU Reports
                   Images
                   Grigory Tikhoplav Deposition
                   Summons and Complaint
                   Dr. Sperry Expert Report
                   On-Scene consulting Expert Report

Dear Mrs. Alterman,

I was asked to review this case as an expert in the field of Emergency Medicine. I have been Board Certified in Emergency Medicine since 2001 and am an Assistant Professor of Emergency Medicine at the Albert Einstein College of Medicine. With regards to the above referenced case, I was asked to make a determination regarding whether there was use of excessive force with Evgeniy Lagoda during the events of April 12th, 2019.

Evgeniy Lagoda was a thirty nine year old Russian male (5'8", 207 lbs) with no significant past medical history who was subsequently diagnosed with mesial temporal lobe sclerosis (CA4) and bilateral basal subarachnoid glioneuronal heterotopia both of which are associated with seizures. On April 12th, 2019 Mr. Lagoda had recently arrived to JFK International airport from Moscow and was departing for Jamaica after a nine

hour layover at the airport.  Five minutes after leaving the gate at approximately 10 PM, Mr. Lagoda experienced a seizure as described by the flight attendants and several witnesses on the flight including three nurses who assisted moving him to the floor at the rear galley to prevent injury.  After recovering from his seizure Mr. Lagoda became violent punching one of the nurses with a clenched fist and taking swings at the flight attendant striking him multiple times despite efforts by his Russian colleague to calm him down.  Once the pilot returned to the gate at 10:24 PM, Officer Bugiada (190 lbs) was able to enter the aircraft and while trying to calm down the situation Mr. Lagoda lunged and swung at the officer.  At that point the officer delivered a burst of pepper spray and Mr. Lagoda was taken to the ground by the officer who attempted to handcuff him.  There was a continued struggle including Mr. Lagoda attempting to bite the officer and gain access to his gun.  It was only after backup officers arrived and with persistent efforts that Mr. Lagoda could be successfully handcuffed around 10:35 PM.  However, within a minute or two later one of the officers noticed Mr. Lagoda had become cyanotic and they were unable to palpate a pulse.  The handcuffs were removed and CPR initiated while an AED was attached and oxygen supplied.  Upon EMS arrival they took over the resuscitation, inserted an IO line and King tube en route to Jamaica Hospital where he was ultimately pronounced at 11:35 PM.

The major finding of the autopsy was the brain abnormalities including mesial temporal sclerosis (CA4) and bilateral subarachnoid glioneuronal heterotopia which given their association with seizures makes sense with the description of events.  Other autopsy findings including cardiac hypertrophy and multiple contusions, abrasions and lacerations.

Based on the description of events Mr. Lagoda apparently experienced a prolonged period of post-ictal confusion following his seizure.  This is a common occurrence frequently experienced in the emergency room although not usually of such a violent nature or so prolonged.  Although there is a wide variation, in the more severe forms these patients represent a significant danger to themselves as well as staff members.  Even though hospital staff has experience dealing with these situations, the immediate assistance of multiple practitioners and/or security personnel is required to hold the patient down until sedative medication can be administered.  Clearly, when Officer Bugiada entered the aircraft Mr. Lagoda represented a significant threat to the welfare of himself, the flight attendants and the other passengers.  Whether or not it was recognized as a medically induced condition was immaterial in this situation.  Mr. Lagoda needed to be restrained.  Understanding the difficulties of managing this situation in a hospital setting designed for these purposes with back up personnel readily available, as compared to trying to obtain control of such a combative patient by one individual in the confines of an airplane aisle without risking injury to other civilians or oneself represents a Herculian task.  Based on the numerous descriptions, Officer Bugiada was struggling to protect his own life.  Although the autopsy described evidence of superficial bruises consistent with a physical struggle, these were all superficial injuries with no fractures or evidence of any injury to the brain or vital structures which could explain his cardiac arrest.  There was no direct connection between the physical injuries described and his demise.  There is no question there was a physical struggle between Officer Bugiada, the other officers and

2

Mr. Lagoda during the time they were trying to place him in handcuffs but there is absolutely no evidence from any of the information provided that excessive force was involved.

Sincerely,

Gregory Mazarin, M.D.

3

EXHIBIT A (Curriculum Vitae)

# Gregory I Mazarin M.D.
**18 Woodland Road**
**Roslyn, New York 11576**
**917-584-6501**
**516-365-6466**
**E-Mail: gmazarin@optonline.net**

## EDUCATION

9/92 - 5/96        Albert Einstein College of Medicine
Bronx, New York
Doctor of Medicine

9/88 - 5/92        Brown University
Providence, Rhode Island
Bachelor of Arts - Economics

## POST GRADUATE TRAINING

7/99 - 7/00        Long Island Jewish Medical Center
New Hyde Park, New York
Chief Resident - Emergency Medicine

1/98 - 6/99        Long Island Jewish Medical Center
New Hyde Park, New York
Residency in Emergency Medicine

7/97 - 12/97        Lincoln Medical and Mental Health Center
Bronx, New York
Residency in Emergency Medicine

7/96 - 6/97        Saint Vincent's Medical Center
New York, New York
Transitional Internship

## PROFESSIONAL EMPLOYMENT (Full Time)

7/00 – 6/13        Montefiore Medical Center
Attending Physician
Department of Emergency Medicine

7/13 – Present        Jack D. Weiler-Albert Einstein Hospital
Attending Physician
Department of Emergency Medicine

**PROFESSIONAL EMPLOYMENT (Part Time)**

1/08 – 7/13                 Jack D. Weiler-Albert Einstein Hospital
                            Attending Physician (Per Diem)
                            Department of Emergency Medicine

7/00 – 1/07                 Saint Clare's Hospital
                            Attending Physician (Per Diem)
                            Department of Emergency Medicine

7/00 – 7/03                 Cabrini Medical Center
                            Attending Physician (Per Diem)
                            Department of Emergency Medicine

**ACADEMIC APPOINTMENTS**

7/00 - Present              Assistant Professor of Emergency Medicine
                            Jacobi / Montefiore Residency Program
                            Department of Emergency Medicine
                            Albert Einstein College of Medicine

                            Co-Director Emergency Medicine Selective
                            For 3rd year Medical Students

                            Clinical Instructor-Introduction to Clinical Medicine

**BOARD CERTIFICATION**

Board Certified in Emergency Medicine

**DISTINCTIONS**

Alpha Omega Alpha National Honor Society - society for doctors graduating in the top
                            percentile of their medical school class.

**CERTIFICATIONS**

Credentialed for Pelvic and Limited Abdominal Ultrasound
Medical Acupuncture License
New York State Medical License
ACLS
ATLS
PALS

**LANGUAGES**

Spanish

**PUBLICATIONS**

Farina G, Mazarin G.  Red Eye Evaluation. eMedicine: Ophthalmology.  Boston:  eMedicine Corporation, 1998.

Lajvardi A, Mazarin GI, Gillespie MB, Sctchithanandam S, Calvert RJ. "Starches of Varied Digestiblities Differentially Modify Intestinal Function in Rats." Journal of Nutrition.  1993; 123:  2059-66.

EXHIBIT B (Expert Testimony since 2020)

A.  Trial Testimony
    1. Chait v. Orange Regional Medical Center (12/16/21)
    2. Constant v. New York State (11/3/22)
    3. Russo v. Dittrich (11/16/22)
    4. Lyulina v. NYCHHC (12/1/22)
    5. Olson v. Brown (10/27/23)

B.  Deposition Testimony
    1. Jody D'Augustine v. Meika Close, M.D. (11/5/20)
    2. Collins v. Doolittle (4/28/21)
    3. Mahalchick v. Robert Wood Johnson Rahway Hospital (10/29/21)
    4. Lee v. United States (5/20/22)
    5. Noboa v. Boruchov (10/3/23)

EXHIBIT C (Fee Schedule)

Review of records fee: $450 per hour
Deposition: $3,500
Trial testimony: $4,500
Cancellation Fee for Scheduled Deposition: $3,500