# Exhibit P

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------------- x

ALEXEY V. TARASOV, ESQ., Administrator of the
Estate of EVGENIY LAGODA, Deceased,
and GRIGORY TIKHOPLAV,

                                                   Plaintiffs,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
and PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY
POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER
MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH,
PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL
MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,

                                                   Defendants.

--------------------------------------------------------------------------- x

**AFFIDAVIT OF
ALEXEY V. TARASOV
IN SUPPORT OF
MOTION FOR LEAVE
TO COMMENCE
ACTION**

Index No: 153490/2021

        ALEXEY V. TARASOV, being duly sworn, depose and state, pursuant to 22 NYCRR

§§ 520.11(a) and 602.2(a), as follows:

        1.      I am a Plaintiff in this action.

        2.      I have been appointed as an Administrator of the Estate of Evgeniy Lagoda ("Mr.

Lagoda"), deceased.

        3.      This Affidavit is in Support of Plaintiff's Motion for Leave ("Motion") to

Commence this Action against the Port Authority of New York and New Jersey ("Port Authority")

and the Port Authority of New York and New Jersey Police Department ("PAPD").

        4.      I have full knowledge regarding the handling of the claims and the lawsuit arising

from Mr. Lagoda's injuries and death. I have also dealt with and have knowledge of the Queens

Surrogate's Court issues detailed below.

- 1 -

Case 1:21-cv-06226-NRB    Document 80-16    Filed 05/12/25    Page 3 of 6

5. Mr. Lagoda died on April 12, 2019, during an incident involving the Defendants, and the manner of his death together led to a subsequent investigation by the Office of the New York Attorney General ("OAG").

6. Plaintiff Grigory Tikhoplav, father of Mr. Lagoda, corresponded extensively and cooperated with members of the OAG during the investigation.

7. Prior to the release of the OAG report, Plaintiff Tikhoplav and I awaited the results of the investigation in order to finally obtain information regarding the acts and/or omissions on the part of Defendants that led to Mr. Lagoda's death.

8. The OAG's report was published on April 9, 2020, which was almost a year after Mr. Lagoda's death.

9. It is from the OAG report that Plaintiff Tikhoplav and I acquired the information necessary to formulate claims against the Port Authority and the remaining Defendants.

10. On May 12, 2020, attorney Mariana Moliver, Esq. was engaged to represent Mr. Lagoda's estate in petitioning the Surrogate's Court to appoint an administrator .

11. One of the required documents for filing a petition for Letters of Administration in the Surrogate's Court is an original death certificate for the decedent. On June 28, 2020, I submitted a request to the New York City Department of Health and Mental Hygiene ("Health Department") for the issuance of an original death certificate for Mr. Lagoda.

12. As a result of the COVID-19 pandemic, the Health Department operated with considerable delays. In multiple follow-up calls and correspondence with the Health Department, I was told that there were months-long delays for issuing death certificates due to a surge in the number of deaths in New York from COVID-19.

- 2 -

13.     Due to the Health Department's acknowledgement and warning of delays, in October 2020, I requested that Plaintiff Tikhoplav mail his only original death certificate to the United States to be submitted to the Queens County Surrogate's Court.

14.     On or about November 3, 2020, attorney Mariana Moliver, Esq. submitted a petition to appoint Plaintiff Tarasov as the Administrator of the Estate of Mr. Lagoda, together with the original death certificate provided by Plaintiff Tikhoplav.

15.     The expedited application was not granted until January 8, 2021.

16.     The Health Department finally issued Mr. Lagoda's death certificate in February 2021—approximately seven months after I made the request.

17.     The timing of Evgeniy Lagoda death, occurring as it did less than a year before the start of a global pandemic unseen in more than a century, caused substantial delays in government (*e.g.*, the OAG's investigation) and court (*e.g.*, commencing lawsuits, filing applications) operations because of COVID-related problems.

18.     I planned to physically travel to Russia to meet with the Plaintiff Tikhoplav to discuss the matter in late spring/early summer 2020, but international travel was shut down due to COVID. Further, domestic and foreign COVID-related restrictions precluded my travel in subsequent months.

19.     COVID-related problems continued to interfere with communication in this case throughout late 2020, as Plaintiff Tikhoplav suffered serious complications from COVID-19, being confined to a hospital in Krasnodar, Russia, for over 40 days on supplemental oxygen in November and December 2020.

- 3 -

20. I again planned to physically travel to Russia to meet with Plaintiff Tikhoplav in early 2021 after he recovered from COVID-19, but the pandemic's continued impact on travel hindered my ability to do so.

21. While the COVID-19 pandemic was not a direct cause or consequence of Mr. Lagoda's death, it, along with the OAG's investigation, created substantial hurdles for Plaintiffs with respect to the commencement of this action.

Executed on: July 10, 2021

Location: Norman, Oklahoma

_____
Alexey V. Tarasov, Esq.

-4-

Case 1:21-cv-06226-NRB   Document 80-16   Filed 05/12/25   Page 6 of 6

## STATE OF OKLAHOMA

Cleveland County

On this 10th day of July, 2021, before me, the undersigned notary public, personally appeared Alexey V. Tarasov, Esq., proved to me through satisfactory evidence of identification, which was a Texas driver's license, to be the person who signed the preceding or attached document in my presence, and who swore to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public



## CERTIFICATE OF CONFORMITY

Pursuant to CPLR 2309(c) and RPL § 299-a, it is hereby certified that the manner in which the acknowledgement was taken conforms with the laws of the state where the acknowledgment was taken. *See Ford Motor Co. Prestige Gown Cleaning Service, Inc.*, 748 N.Y.S.2d 235 (Civ. Ct. 2002) ("[A]n acknowledgment or proof made pursuant to [RPL] section 299 'must be accompanied by' a certificate of conformity.").

- 5 -