**ASHCROFT**

VIA ECF                                                                                                          June 5, 2025

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room
New York, NY 10007

        Re:    *Alexey Tarasov, et al. v. Port Authority of New York and New Jersey, et al.*,
                Civil Action No. 1:21-cv-06226-NRB

Dear Judge Reice Buchwald,

      Pursuant to Rule 2(C)(3) of Your Honor's Individual Practices, Alexey V. Tarasov, Administrator of Evgeniy Lagoda's estate, joined by Mr. Lagoda's father, Grigory Tikhoplav (collectively, "Plaintiffs"), submit this letter motion requesting permission to file a very brief sur-reply to Defendants' Reply ("Reply") to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Dkts. 72–77, 82–84. The sur-reply would address three misstatements of law and fact by Defendants in their Reply.

### *Defendants' Misstatements of Law and Fact*

      Defendants' misstatements go to the heart of the key issues in this case. **First**, that "Plaintiffs conceded that there is no excessive force claim as they do not oppose that portion of Defendants' motion." Dkt. 82 (Reply) at 2 n.1. **Second**, that "the statute that Plaintiffs' state law claims are premised (*i.e.* wrongful death) mandates a one-year limitations period." *Id.* at 4. **Third**, that there is nothing in the record to show that "the training deficiency was the result of municipal policy and not simply a failure of the [Individual Defendant Officers ("IDOs")]." *Id.* at 8.

### *Need for a Sur-Reply*

      Plaintiffs seek the opportunity to respond briefly to Defendnants' misstatements. This Court, of course, "has discretion to permit a sur-reply," *Vilella v. Pup Culture LLC*, No. 23-cv-2291 (LJL), 2023 U.S. Dist. LEXIS 207911, at *13 (S.D.N.Y. Nov. 17, 2023), and has the authority "to respond to particular arguments by ordering additional briefing." *Document Sec. Sys., Inc. v. Ronaldi*, 20-CV-6265-EAW-MJP, 22 WL 2207185 at *11 (W.D.N.Y June 21, 2022) (quoting *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001)). It is equally clear that "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999).

      Plaintiffs' proposed sur-reply would address the following three issues:

      **Plaintiffs have not conceded there is no excessive force claim.** Defendants' summary judgment motion did ***not*** affirmatively argue that Plaintiffs' failure to explicitly or separately assert

---

an excessive force claim resulted in waiver or forfeiture, or that the claim was somehow ***not*** at issue in this case. To the contrary, Defendants fully briefed the claim on summary judgment and it forms at least part of the basis for a wrongful death claim. And, to the extent Defendants now argue that Plaintiffs have conceded it, Plaintiffs are entitled to address that new argument.

Defendants' new claim that the operative complaint does not plead an excessive force claim ignores the law in this Circuit. For example, in *Coleman v. City of Syracuse*, the Court found that the plaintiff adequately pled an excessive force claim in an amended complaint where the Court could liberally construe the allegations as such against the defendants. *Coleman v. City of Syracuse*, No. 5:09-CV-1391 (GTS/GHL), 2011 U.S. Dist. LEXIS 456, at *11–12 (N.D.N.Y. Jan. 4, 2011) (reasoning that "Based on the[] allegations, liberally construed, Plaintiffs' Amended Complaint asserts [] a claim of excessive force" and finding that "Plaintiff has alleged facts plausibly suggesting a claim for excessive force.").

The same can be said here. *See generally* Dkt. 1-1 (Am. Compl.) ("Officer Bugiada punched a disoriented Mr. Lagoda in the face with his fist"; "Officer Bugiada delivered and landed one-to-several blows to Mr. Lagoda"; "a disoriented Mr. Lagoda was punched several times by Officer Bugiada"; "Officer Bugiada flipped Mr. Lagoda onto his stomach, and proceeded to punch [] Mr. Lagoda several more times in the face"; "Officer Bugiada laid on top of Mr. Lagoda, who was still flat on his stomach"; "[the other IDOs] punched a disoriented and restrained Mr. Lagoda several times.").

Plaintiffs' Opposition also details extensive record evidence showing the IDOs used excessive, unreasonable, unnecessary force against Mr. Lagoda, which contributed to his death. *See* Opp'n at 15–25; *see also* Opp'n at 24 ("IDOs excessively punched, kicked with shod feet, and kneed Mr. Lagoda when trying to restrain him"; "IDOs used unnecessary, inappropriate, and unreasonable force against Mr. Lagoda"; "IDOs failed to intervene or intercede to prevent any further inappropriate, unnecessary, and unreasonable excessive force on an individual who was in the immediate wake of a seizure"); *id.* at 18 (stating that Mr. Lagoda's death showed that the IDOs' improper application of force deprived Mr. Lagoda of his Constitutional right to not be subject to excessive force, and citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).[1]

**The wrongful death statute mandates a two-year limitations period.** Defendants misleadingly state that the statute of limitations applicable to wrongful death claims is one year. Reply at 4. Under New York law, it is two years. *See* N.Y. Est. Power & Trusts Law § 5-4.1. Contrary to Defendants' suggestion, that limitations period applies to the IDOs, who were sued in their individual capacity for the wrongful death of Mr. Lagoda, as well as for "conscious pain, suffering, and agony prior to Mr. Lagoda's death." Opp'n at 14–15. And, Plaintiffs unquestionably satisfied this two-year period by filing and serving the amended complaint on or about June 29, 2021, once accounting for tolling due to COVID-19. Opp'n at (discussing COVID-19 tolling).

**Defendants' own evidence shows the training deficiency was the result of municipal policy and not simply a failure of the IDOs.** The Port Authority badly misstates and

---

[1] In the event this Court finds the amended complaint does not assert such a claim, Plaintiffs respectfully seek leave to amend to add the claim, which should be granted given the lack of prejudice at this juncture.

mischaracterizes the record when they attempt to blame the IDOs for their own training deficiencies. Reply at 8. The Port Authority's own Rule 30(b)(6) designee, Lt. Mark Bergery, testified that the Port Authority "did *not* train its officers as to positional restraint, compressional asphyxiation, and duties to intercede until 2020, the year *after* Mr. Lagoda's death." Opp'n at 18 (citing Dkt. 81 (Plaintiffs Counterstatement of Material Facts) ¶¶ 223–28). IDO Duran confirmed that he was not taught at the PAPD Police Academy how to restrain someone without putting pressure on the individual's back. *See* Dkt. 81 ¶ 225. The Office of the New York Attorney General's criminal investigation likewise found that "Port Authority did not train its officers as to the unique vulnerability of an individual in the immediate wake of a seizure." *Id.* ¶ 226.

## *Conclusion*

Plaintiffs respectfully submit that explanation of Defendants' misstatements and mischaracterizations of both law and fact in their Reply will assist Your Honor in her consideration of the pending summary judgment motion. Plaintiffs therefore seek leave to file a sur-reply of not more than 5 pages. The undersigned counsel reached out to Defendants' counsel today but was unable to determine their position before filing the instant letter-motion.

Respectfully Submitted,

/s/ *J. Christopher Amrhein, Jr.*
J. Christopher Amrhein, Jr., Esq. (*pro hac vice*)
Michael J. Sullivan, Esq. (*pro hac vice*)
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
camrhein@ashcroftlawfirm.com
msullivan@ashcroftlawfirm.com

**Attorneys for Plaintiffs**

Hon. Naomi Reice Buchwald<br>
Page **4** of **4**

**<u>CERTIFICATE OF SERVICE</u>**

I, J. Christopher Amrhein, Jr., certify that this document is being filed through the ECF system on June 5, 2025, which serves counsel for Defendants who are registered participants as identified on the ECF docket.

<u>/s/ *J. Christopher Amrhein, Jr.*</u><br>
J. Christopher Amrhein, Jr.