UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALEXEY V. TARASOV, ESQ., Administrator of the Estate of EVGENIY LAGODA, Deceased, and GRIGORY TIKHOPLAV,<br><br>        Plaintiffs,<br><br>-against-<br><br>PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT a/k/a PORT AUTHORITY POLICE DEPARTMENT a/k/a PAPD, PAPD OFFICER MICHAEL BUGIADA, PAPD OFFICER ROBERT JOSEPH, PAPD OFFICER JONATHAN PAPIA, PAPD OFFICER PAUL MEZZACAPPA, and PAPD OFFICER JONATHAN DURAN,<br><br>        Defendants. | 1:21-cv-06226-NRB<br><br>**REQUEST FOR ORAL ARGUMENT** |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

J. Christopher Amrhein, Jr., Esq.
Michael J. Sullivan, Esq.
*Ashcroft Law Firm*
200 State Street, 7th Floor
Boston, MA 02109

**Attorneys for Plaintiffs**

## TABLE OF CONTENTS

I.      PLAINTIFFS HAVE NOT CONCEDED THAT THERE IS NO EXCESSIVE
        FORCE CLAIM ....................................................................................................... 1

II.     NEW YORK'S WRONGFUL DEATH STATUTE MANDATES A TWO-YEAR
        STATUTE OF LIMITATIONS .............................................................................. 3

III.    DEFENDANTS' OWN EVIDENCE SHOWS THE PA'S TRAINING
        DEFICIENCIES WERE THE RESULT OF MUNICIPAL POLICY AND NOT
        SIMPLY A FAILURE OF THE IDOS .................................................................... 4

## TABLE OF AUTHORITIES

**Cases**

*Coleman v. City of Syracuse*,
  No. 5:09-CV-1391 (GTS/GHL), 2011 U.S. Dist. LEXIS 456 (N.D.N.Y. Jan. 4, 2011) ...............2

*Farmer v. United States*,
  15-cv-6287 (AJN), 2017 U.S. Dist. LEXIS 127275 (S.D.N.Y. 2017) ........................................1

*Graham v. Connor*,
  490 U.S. 386 (1989) ...............................................................................................................3

*Knipe v. Skinner*,
  999 F.2d 708 (2d Cir. 1993) ...................................................................................................1

*Mateo v. Bristow*,
  No. 12 Civ. 5052 (RJS), 2013 U.S. Dist. LEXIS 106478 (S.D.N.Y. 2013) ................................1


**Statutes and Other**

McKinney's Unconsolidated Laws of New York § 7107 ............................................................3, 4

N.Y. Est. Powers & Trusts Law § 5-4.1 .....................................................................................3, 4

In accordance with this Court's order, Dkt. 86, Plaintiffs hereby submit this sur-reply to Defendants' Reply ("Reply") to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Dkts. 72–84. Defendants' Reply misconstrues both the law and the record. Plaintiffs correct and clarify three points herein.

## I.    PLAINTIFFS HAVE NOT CONCEDED THAT THERE IS NO EXCESSIVE FORCE CLAIM

Defendants are incorrect as both a matter of law and fact when they contend (in a footnote) that Plaintiffs have conceded there is no excessive force claim in this case against both the Port Authority (the "PA") and Individual Defendant Officers ("IDOs"). Reply at 2 n.1. Defendants' summary judgment motion did ***not*** affirmatively argue that Plaintiffs' failure to explicitly or separately assert an excessive force claim resulted in waiver or forfeiture, or that the claim was somehow ***not*** at issue in this case. Dkt. 72 at 12–22. To the contrary, Defendants fully briefed the claim on summary judgment and, of course, it forms at least part of the basis for a wrongful death claim. *Id.* This Court should reject Defendants' argument on both procedural and substantive grounds.

First, as a procedural matter, this Circuit has repeatedly held that arguments raised for the first time in a reply brief cannot be considered. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief"); *Farmer v. United States*, 15-cv-6287 (AJN), 2017 U.S. Dist. LEXIS 127275, at *3 (S.D.N.Y. 2017) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived"); *Mateo v. Bristow*, No. 12 Civ. 5052 (RJS), 2013 U.S. Dist. LEXIS 106478, at *8 (S.D.N.Y. 2013) ("It is well established . . . that a court should not consider arguments that are raised for the first time in a reply brief" (internal quotation marks omitted)).

1

Second, as a substantive matter, Defendants' new argument that the operative complaint does not plead an excessive force claim ignores the law in this Circuit. For example, in *Coleman v. City of Syracuse*, the Court found that the plaintiff adequately pled an excessive force claim in an amended complaint where the Court could liberally construe the allegations as such against the defendants. *Coleman v. City of Syracuse*, No. 5:09-CV-1391 (GTS/GHL), 2011 U.S. Dist. LEXIS 456, at *11–12 (N.D.N.Y. Jan. 4, 2011) ("Based on the[] allegations, liberally construed, Plaintiffs' Amended Complaint asserts [] a claim of excessive force" and finding that "Plaintiff has alleged facts plausibly suggesting a claim for excessive force."). The same can be said here.

The operative complaint alleges all the elements of an excessive force claim. *See generally* Dkt. 1-1 (Am. Compl.) ("Officer Bugiada punched a disoriented Mr. Lagoda in the face with his fist"; "Officer Bugiada delivered and landed one-to-several blows to Mr. Lagoda"; "a disoriented Mr. Lagoda was punched several times by Officer Bugiada"; "Officer Bugiada flipped Mr. Lagoda onto his stomach, and proceeded to punch [] Mr. Lagoda several more times in the face"; "Officer Bugiada laid on top of Mr. Lagoda, who was still flat on his stomach"; "[the other IDOs] punched a disoriented and restrained Mr. Lagoda several times.").

Next, the record shows the IDOs used excessive, unreasonable, unnecessary force, all contributing to Mr. Lagoda's death. *See* Opp'n at 15–25; *see also* Opp'n at 24 ("IDOs excessively punched, kicked with shod feet, and kneed Mr. Lagoda when trying to restrain him"; "IDOs used unnecessary, inappropriate, and unreasonable force against Mr. Lagoda"; "IDOs failed to intervene or intercede to prevent any further inappropriate, unnecessary, and unreasonable excessive force on an individual who was in the immediate wake of a seizure"); *id.* at 18 (death showed that the

2

IDOs' improper application of force deprived Mr. Lagoda of his Constitutional right to not be subject to excessive force, and citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).[1]

## II.    NEW YORK'S WRONGFUL DEATH STATUTE MANDATES A TWO-YEAR STATUTE OF LIMITATIONS

Defendants state that the statute of limitations applicable to wrongful death claims is one year. Reply at 4; *see also* Dkt. 77 (Defs. Mem.) at 4. This is incorrect. Under New York law, it is two years. *See* N.Y. Est. Power & Trusts Law § 5-4.1 ("Section 5-4.1"); *see also* Opp'n at 8–11. This misstatement impacts each of the independent claims Plaintiffs have in this case against the PA and the IDOs.

First, the two-year limitations period irrefutably applies to the IDOs, who were sued in their individual capacity for the wrongful death of Mr. Lagoda, as well as for "conscious pain, suffering, and agony prior to Mr. Lagoda's death." Opp'n at 14–15. Plaintiffs satisfied this two-year period (once accounting for tolling due to COVID-19) by filing and serving the Amended Complaint on the IDOs on or about June 29, 2021. *See* Opp'n at 9 (discussing COVID-19 tolling), 14–15 (discussing timely service of IDOs); Reply at 5 (conceding the COVID-19 tolling period); Dkt. 77 (Defs. Mem.) at 4 (conceding the COVID-19 tolling period). Plaintiffs' wrongful death claim and additional state-law claim against the IDOs were timely, and, as discussed in Plaintiffs' Opposition, raise genuine issues of material fact, and therefore should go to the jury.

Second, Plaintiffs likewise commenced the wrongful death action against the PA in accordance with New York law. Opp'n at 5–11. Defendants reference to a one-year period conflates the different periods in Section 5-4.1 and McKinney's Unconsolidated Laws of New York § 7107 ("Section 7107"). *See* Opp'n at 8–11. The latter section has a more circumscribed one-year

---

[1] In the event this Court finds the Amended Complaint does not assert such a claim, Plaintiffs respectfully seek leave to amend to add the claim, which should be granted given the lack of prejudice at this juncture in this case.

3

limitations period tied to accrual of a cause of action (a period not governed by that aspect of Section 5-4.1), but Section 7107 still is subject to Section 5-4.1's limitation in bringing a wrongful death action until a duly-appointed personal representative is appointed and that person has all the facts necessary to bring the action. *See* Section 5-4.1; Section 7107; *see also* Opp'n at 10. In this case this means that Plaintiffs' filing fell comfortably within the one-year period under Section 7107 once accounting for claim accrual and COVID-19 tolling.

## III. DEFENDANTS' OWN EVIDENCE SHOWS THE PA'S TRAINING DEFICIENCIES WERE THE RESULT OF MUNICIPAL POLICY AND NOT SIMPLY A FAILURE OF THE IDOS

The PA badly misstates the record when it blames the IDOs instead of acknowledging its own training deficiencies. Reply at 8 (arguing that "Plaintiffs must show that the training deficiency was the result of municipal policy and not simply a failure of its employees."). The PA ignores the overwhelming record evidence that it failed to train its officers regarding positional restraint, compressional asphyxiation, and the unique vulnerabilities of individuals in the immediate wake of a seizure—critical deficiencies further evidenced by its deliberate policy changes after the death of Mr. Lagoda.

For example, the record undisputedly shows that:

- The PA's own Rule 30(b)(6) designee, Lt. Mark Bergery, testified that the PA "did *not* train its officers as to positional restraint, compressional asphyxiation, and duties to intercede until 2020, the year *after* Mr. Lagoda's death", Opp'n at 18 (citing Dkt. 81 (Plaintiffs Counterstatement of Material Facts) ¶¶ 223–28);

- IDO Duran confirmed that he was not taught at the PAPD Police Academy how to restrain someone without putting pressure on the individual's back, Dkt. 81 ¶ 225; and

- The Office of the New York Attorney General's criminal investigation found, amongst other failures, that the "[PA] did not train its officers as to the unique vulnerability of an individual in the immediate wake of a seizure." *Id.* ¶ 226.

The undisputed medical evidence provides a direct correlation between the injuries suffered by Mr. Lagoda and the PA's failure to train its officers on this very subject until *after* Mr. Lagoda's death. Opp'n at 17–20. It shows, *inter alia*, that Mr. Lagoda had deep contusions on his upper back and neck consistent with "great pressure [] exerted on those areas when Mr. Lagoda was restrained prone" and which had the effect of "distorting the upper airway and inhibiting normal air exchange" (*i.e.*, positional asphyxiation). *Id.*; *id.* at 24.

Defendants offer no medical expert opinion to rebut or contradict either Plaintiffs' evidence or this connection. *Id.* at 15–20; *id.* at 20 ("Defendants' purported medical expert testified that he is not a forensic pathologist, anatomical pathologist, clinical pathologist, neurologist, or cardiologist, and his expert opinion was for the purposes of making a determination on whether there was excessive force (a police term of art) used by IDOs despite not being a police officer and never reviewing any PAPD policies and procedures."). In sum, there is more than enough evidence on the record for a jury first to conclude that the PA's training was woefully inadequate—or entirely non-existent—and then that those failures led to the death of Mr. Lagoda.

Dated: September 12, 2025       Respectfully Submitted,

/s/ *J. Christopher Amrhein, Jr.*
J. Christopher Amrhein, Jr. (*pro hac vice*)
Michael J. Sullivan (*pro hac vice*)
*Ashcroft Law Firm, LLC*
200 State Street, 7th Floor
Boston, MA 02109
P: 617-573-9400
camrhein@ashcroftlawfirm.com
msullivan@ashcroftlawfirm.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I, J. Christopher Amrhein, Jr., certify that this document is being filed through the ECF system on September 12, 2025, which serves counsel for Defendants who are registered participants as identified on the ECF docket.

/s/ *J. Christopher Amrhein, Jr.*
J. Christopher Amrhein, Jr.

6